JANE POTTETTI *v.* WARREN CLIFFORD ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued February 5—decided March 4, 1959

*John H. Weir,* with whom, on the brief, was *Curtiss K. Thompson,* for the appellants (defendants).

*Frederick H. Wiggin* and *John W. Barnett,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought an action in the Superior Court at New Haven, returnable in February, 1957, against the defendants Raymond H. Goodrich of Camden, Maine, Warren Clifford of New Haven, and The Union and New Haven Trust Company, a corporation located in New Haven, as ex-

ecutors of the will of Walter H. Goodrich. *Pottetti* v. *Goodrich,* Superior Court, New Haven County, No. 84931. In that action, referred to hereinafter as the original action, she seeks to recover on a claim for $900,000 which she made against the Goodrich estate and which the executors disallowed. While the original action was pending, she instituted the instant case, an action in equity for discovery. The executors in the original action are named as defendants, together with Raymond H. Goodrich and Warren Clifford, in their individual capacities, and Gladys Chatfield of Ansonia, Ann Taylor of North Haven, Raymond H. Goodrich, Jr., of Bethany, William E. Goodrich of Woodbridge, and Donald E. Goodrich of New Haven, all in this state.

The parties stipulated that the instant case be submitted to the Superior Court upon the file in the original action and a deposition of Raymond H. Goodrich taken in that action. The trial court found these facts: The complaint in the original action contained the following allegations, which we state in abbreviated form. Walter H. Goodrich died testate on February 23, 1956, leaving an estate inventoried at $1,500,313.80. The defendants Warren Clifford, Raymond H. Goodrich and The Union and New Haven Trust Company were duly qualified as executors. In 1918 the decedent was president of Walter H. Goodrich and Company, Inc., oil dealers in East Haven. He was legally married and lived with his wife in East Haven, where they were prominent and highly respected members of the community. They were parents of a son, the defendant Raymond H. Goodrich. Mrs. Goodrich predeceased her husband. The decedent's will leaves part of his estate to his son, Raymond, and part to Raymond's sons, Raymond H. Goodrich, Jr., William E. Good-

rich and Donald E. Goodrich. These allegations were admitted in the answer filed by the defendants in the original action. Denied were allegations as follows: In 1918 Elizabeth MacPhail was employed by Walter H. Goodrich and Company and lived in the home of the decedent. They cohabited together and begot a child, the plaintiff, who was born on December 10, 1918. The decedent requested of Elizabeth MacPhail that she conceal these facts and not seek from him recognition of the plaintiff as his daughter. He made this request upon his oral promises that he would support and educate the plaintiff and would, by his last will or otherwise, provide as well for her as for his son, Raymond. The decedent repeated these promises to the plaintiff, and to others interested, in order to induce her to continue to conceal her identity as his daughter. Relying upon these promises, both the plaintiff and her mother did as the decedent requested. The plaintiff has married Peter Pottetti and they have two children. Except for sums for the support and education of the plaintiff until she reached her majority, the decedent failed to provide any substantial amount of property for her benefit or that of her issue. His will leaves the major part of his estate to his son, Raymond, and Raymond's issue. The value of what the decedent provided for Raymond by will or otherwise was at least $900,000. The plaintiff has fully performed the obligations imposed by the decedent's request. It was also alleged in the complaint that the decedent during his lifetime gave and transferred to Raymond "substantial assets and property." By the answer, it was admitted that the decedent gave and transferred "certain assets and property" to Raymond and, with respect to another allegation, that after 1918 the de-

cedent made numerous purchases and sales of real property in this state.

The court found these further facts: All the defendants in the instant action except Raymond H. Goodrich are residents of this state. In the original action, the plaintiff took the deposition of Raymond H. Goodrich in Augusta, Maine, on August 1, 1957, and interrogated him concerning gifts and loans made to him by the decedent, his own personal income, property, business and financial affairs, and the provisions made by the decedent during his lifetime for Raymond's children and first and second wives. The deposition was subscribed by Raymond H. Goodrich under oath.

The court also made the following findings, in which error is assigned. To establish her case in the original action, it will be necessary for the plaintiff to present evidence of the provisions made by the decedent during his lifetime for his son. The deposition of Raymond H. Goodrich is not sufficient to present all available evidence of those provisions. The defendants are persons who in the ordinary, everyday affairs of their lives would have knowledge of them. Error is further assigned by the defendants in the failure of the court to find three paragraphs of their draft finding. These contained, in substance, statements that Raymond H. Goodrich had answered fully and without equivocation all the questions put to him when his deposition was taken, that the testimony of all the other defendants and all documentary evidence within their possession or control can be adduced at the trial of the original action by the use of subpoenas, and that the plaintiff has obtained through the deposition of Raymond all the information which she seeks from him. These requested findings are, for the most part, mixed con-

clusions of law and fact. No correction of the find-
ing which can benefit the defendants is warranted.

We add certain facts which are admitted in the
pleadings in the instant action. These concern the
identity of the defendants Warren Clifford, Gladys
Chatfield and Ann Taylor. Clifford, one of the ex-
ecutors, was at the time of the death of the decedent
employed by him and had been so employed for
many years. Gladys Chatfield, for a period of years
before the decedent's death, was employed by him.
Ann Taylor is the widow and executrix of the estate
of Arnold R. Taylor and was a partner with her
husband in the accounting firm of A. R. Taylor and
Company, which was employed by the decedent
Walter H. Goodrich and the corporations he con-
trolled in connection with the preparation of income
tax returns, gift tax returns and other accounting
problems.

The present complaint prayed a discovery in
equity by the defendants of the facts concerning pro-
visions made directly or indirectly by the decedent
for the benefit of his son, Raymond, and the appoint-
ment of a committee before whom discovery should
be made. The trial court granted these prayers for
relief, judgment was entered accordingly, and the
defendants have appealed.

The case at bar is an action in equity ancillary to
the original action. The only relief sought is a dis-
covery of facts to be used as evidence in that action.
It is a pure bill of discovery as distinguished from a
bill for discovery and relief. A pure bill of discovery
is favored in equity and will be granted unless there
is some well-founded objection against the exercise
of the court's jurisdiction. *Peyton* v. *Werhane,* 126
Conn. 382, 389, 11 A.2d 800; *Skinner* v. *Judson,* 8
Conn. 528, 533; Swift, Evidence, p. 116; 2 Swift, Di-

gest, p. 210; 1 Pomeroy, Equity Jurisprudence
(5th Ed.) §§ 142, 144, 190a, 191, 195; 17 Am. Jur.
6, § 3; see *Middletown Bank* v. *Russ,* 3 Conn. 135,
140; *Hoyt* v. *Smith,* 23 Conn. 177, 186; *Norwich &
W.R. Co.* v. *Storey,* 17 Conn. 364, 371; *Welles* v.
*Rhodes,* 59 Conn. 498, 506, 22 A. 286. To sustain a
pure bill of discovery, a party must show that the
matter he seeks to discover is material and neces-
sary to the proof of, or is needed to aid in the proof
of, another action, already brought or about to be
brought, and that he has no other adequate means
of enforcing discovery of the matter. 3 Story,
Equity Jurisprudence (14th Ed.) §§ 1930, 1943;
1 Pomeroy, op. cit., pp. 278, 279 & §§ 197a, 197b;
Hare, Discovery, p. 110; 17 Am. Jur. 8. It might be
stated parenthetically that the cases in other juris-
dictions, and the earlier cases in this state, make a
distinction between pure bills of discovery and bills
for discovery and relief. In the latter, the petitioner
must show that he has stated a valid cause of action
for the equitable relief in support of which he seeks
to invoke the equitable powers of the court for a
discovery. *Middletown Bank* v. *Russ,* supra; *Nor-
wich & W.R. Co.* v. *Storey,* supra; *Welles* v. *Rhodes,*
supra; Story, Equity Pleadings (9th Ed.) § 324a;
1 Pomeroy, op. cit., § 229, p. 404.

"The law of discovery has been invested at times
with unnecessary mystery. There are few fields
where considerations of practical convenience should
play a larger role. The rationale of the remedy,
when used as an auxiliary process in aid of trials
at law, is simplicity itself. At times, cases will not
be proved, or will be proved clumsily or wastefully,
if the litigant is not permitted to gather his evidence
in advance. When this necessity is made out with
reasonable certainty, a bill in equity is maintainable

to give him what he needs. . . . There were other reasons in times past, when parties were not permitted to be witnesses, and when there was no compulsory process for the production of books or documents. *Carpenter* v. *Winn,* 221 U.S. 533 [31 S. Ct. 683, 55 L. Ed. 842]; *Pressed Steel Car Co.* v. *Union Pacific R. Co.,* 240 Fed. 135, 136. Today the remedy survives, chiefly, if not wholly, to give facility to proof." *Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.,* 289 U.S. 689, 693, 53 S. Ct. 736, 77 L. Ed. 1449. The right to a discovery, however, does not extend to all material facts but only to those which pertain to a party's cause of action or defense. Discovery cannot be used to pry into the opposing party's case or to find out the evidence by which that case will be supported. *Peyton* v. *Werhane,* supra; *Downie* v. *Nettleton,* 61 Conn. 593, 596, 24 A. 977; 1 Pomeroy, op. cit., § 201. Discovery does not sanction impertinent intrusion, and there must be a showing of good faith and probable cause. *Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.,* supra, 697. In passing upon the bill, the court exercises a discretionary power within recognized limits. Ibid.; see *Kiessling* v. *Kiessling,* 134 Conn. 564, 568, 59 A.2d 532; *May* v. *Young,* 125 Conn. 1, 10, 2 A.2d 385; *Katz* v. *Richman,* 114 Conn. 165, 171, 158 A. 219; 1 Pomeroy, op. cit., §§ 202, 203; 3 Story, Equity Jurisprudence (14th Ed.) § 1936.

The defendants claim that the court erred in granting discovery by persons who are not parties to the original action. The present complaint alleges that the several defendants were employed by the decedent, or were engaged in his business or in business transactions with him or his son, Raymond, or were otherwise associated with the decedent in such a way that they have information, business books,

papers, records, correspondence and documents in their possession or control which might be expected to supply facts as to the nature and extent of the transactions between the decedent and Raymond, so that an accounting of those transactions would be more accurate, complete and provable than is possible from the material now available to the plaintiff. It should be noted at this point that the pleadings in the original action, after certain rulings on demurrer, were held by the trial court to state a cause of action upon a promise of the decedent to provide, by will or otherwise, for his illegitimate daughter, the plaintiff, as well as he provided for his son, Raymond. Therefore, to ascertain the amount for which the decedent's estate would be liable if the plaintiff can prove liability, it is necessary for her to establish, with that degree of certainty which can be shown by proper evidence, what provisions, in toto, the decedent made for his son after his promise was first given to the plaintiff's mother in 1918. It is fair to say that the scope of the discovery is fixed, within reasonable limits, by the promise claimed, which in effect was to do as well for the plaintiff as for Raymond.

It is true that by the early rule discovery in equity could not be directed to persons who were not parties to the original suit. 6 Wigmore, Evidence (3d Ed.) § 1856d. We have not so limited its application. See *Middletown Bank* v. *Russ,* 3 Conn. 135, 139. The modern tendency manifested in statutes and court rules is toward extending discovery to those not parties to the original suit. 6 Wigmore, loc. cit.; *Griesa* v. *Mutual Life Ins. Co.,* 169 Fed. 509, 514; *Coca-Cola Co.* v. *Atlanta,* 152 Ga. 558, 564, 110 S.E. 730; *MacPherson* v. *Boston Edison Co.,* 336 Mass. 94, 104, 142 N.E.2d 758; *LeFebvre* v.

*Somersworth Shoe Co.,* 93 N.H. 354, 357, 41 A.2d 924; *Moody* v. *Moody National Bank,* 302 S.W.2d 695, 698 (Tex. Civ. App.); *Orr* v. *Diaper,* 4 Ch. D. 92, 96; 27 C.J.S. 16. It must be shown, however, that such third parties are something more than ordinary witnesses, that they have some pecuniary interest in the original suit or are presently, or have been in the past, in some relationship with the parties in the original action,—that, for example, they are or were business associates, agents or employees —and that they possess information which is necessary to the proper preparation and presentation of the petitioner's cause or defense and is obtainable from no other source. 1 Pomeroy, op. cit., §§ 199, 199a, 199b. It appears from the admitted allegations of the present complaint that all the defendants meet one or more of these qualifications. Persons who possess information which could be procured readily on subpoena duces tecum or whose depositions could be taken under our statutes would not ordinarily be proper parties. See *May* v. *Young,* 125 Conn. 1, 9, 2 A.2d 385; Rev. 1958, §§ 52-148, 52-149, 52-152, 45-262. The claim that discovery by the present defendants could not be granted because they are not parties to the original action was properly overruled.

The defendants also opposed the granting of the bill because the plaintiff had already taken the deposition of the defendant Raymond H. Goodrich in the original action. Broadly stated, the claim is that the plaintiff has her remedy at law for obtaining the information she seeks. The judgment of the trial court orders discovery "of the facts material to the plaintiff's [original] cause of action . . . which concern provisions made directly or indirectly by the decedent . . . for the benefit of his son

. . . Raymond." The remedy of discovery is not limited to situations where the petitioner would be destitute of proof without a discovery of the evidence he is seeking. It is available also when the evidence he seeks is in aid of proof he may already have or be able to produce by other means. *Reynolds* v. *Burgess Sulphite Fibre Co.*, 71 N.H. 332, 335, 51 A. 1075; 1 Pomeroy, op. cit., § 191, p. 279, & § 197a n.17; Hare, Discovery, p. 110; Story, Equity Pleadings (9th Ed.) § 324a.

It is true that means for the production of evidence and for disclosure generally under our statutes and practice afford a measure of relief. See Rev. 1958, §§ 52-143, 52-148, 52-149, 52-152, 52-153, 52-154. In spite of *Downie* v. *Nettleton,* 61 Conn. 593, 596, 24 A. 977, and *Hubert* v. *New York, N.H. & H.R. Co.,* 90 Conn. 261, 270, 96 A. 967, we are not presently disposed to place a technical construction upon such provisions. From the very nature of the present case, however, and the peculiar circumstances involved, these means are obviously inadequate. An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely. *State ex rel. Heimov* v. *Thomson,* 131 Conn. 8, 13, 37 A.2d 689; *Brainard* v. *West Hartford,* 140 Conn. 631, 635, 103 A.2d 135. That general equity principle must be applied if discovery is to be effective. *Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.,* 289 U.S. 689, 697, 53 S. Ct. 736, 77 L. Ed. 1449; *Reynolds* v. *Burgess Sulphite Fibre Co.,* supra; *Peoples City Bank* v. *John Hancock Mutual Life Ins. Co.,* 353 Pa. 123, 127, 44 A.2d 514; 17 Am. Jur. 8. The availability of the other remedies suggested by the defendants for obtaining information did not require the denial of the equitable relief now sought.

The defendants also claim that the plaintiff has not alleged or proven with sufficient specificity the information, books, papers, records, correspondence or documents she seeks to discover. It is true that a petitioner should describe with such details as may be reasonably available the material he seeks. He should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to the petitioner's case. *Katz* v. *Richman,* 114 Conn. 165, 171, 158 A. 219; *Mobile Gas Co.* v. *Patterson,* 288 Fed. 884, 885; Story, Equity Pleadings (9th Ed.) § 325; 1 Pomeroy, op. cit., p. 299. Much depends upon the nature of the original action. In the instant case, as we have stated heretofore, the promise and the measure of recovery for a breach of it shape the course of the discovery. The granting of a bill and the terms of the judgment rendered call for the exercise by the trial court of a sound discretion as to what is reasonably necessary. *Peyton* v. *Werhane,* 126 Conn. 382, 389, 11 A.2d 800; *Sinclair Refining Co.* v. *Jenkins Petroleum Process Co.,* supra, 696. The situation is analogous to the degree of compliance required to a subpoena duces tecum. *Consolidated Rendering Co.* v. *Vermont,* 207 U.S. 541, 554, 28 S. Ct. 178, 52 L. Ed. 327; *Brown* v. *United States,* 276 U.S. 134, 143, 48 S. Ct. 288, 72 L. Ed. 500. The present judgment requires that the discovery be made before a committee appointed by the court. This is recognized as proper procedure. Practice Book § 78. The defendants' further claim that the judgment of the trial court is violative of the fourth amendment to the federal constitution as an unreasonable search and seizure is without merit and requires no discussion. See *Consolidated Rendering Co.* v. *Vermont,* supra, 553.

The trial court did not err in rendering judgment as on file.

There is no error.

In this opinion the other judges concurred.