Pursuant to General Statutes 31-125
(j),[1] the commission filed a petition to require the defendant to answer certain interrogatories pertaining to a complaint alleging a violation of General Statutes 53-35 (a), which prohibits discrimination "by reason of race, creed, color, national origin, ancestry, sex, marital status, age . . . or physical disability" in the rental of certain housing accommodations. The trial court ordered that all but one of the questions be answered by the defendant. From that judgment the defendant has appealed claiming certain procedural irregularities, the applicability of the statute of limitations; General Statutes54-193; as a bar to the action, and the violation of his right of privacy. *Page 567 
 I
Although a substantial portion of the defendant's brief is devoted to a misunderstanding regarding the date of continuance of the hearing on the order to show cause, which resulted in the granting of the petition initially without an opportunity for the defendant to be heard, he was not prejudiced by that action because the issues were fully tried later. The only procedural ruling assigned as error is the denial of the defendant's motions to vacate the original order and to erase the action. It was not necessary for the court to vacate the original order, which the defendant never obeyed, once it had heard the matter and had concluded that the same order, modified with respect to one question, should enter. The motion to erase relied upon two incorrect statutory references in the complaint, those statutes being inapplicable. The court properly allowed those errors, apparently typographical, to be corrected at the hearing. Practice Book, 1963, 134. The motion also sought to raise the statute of limitations, General Statutes 54-193. We find no error in the denial of the motion to erase, which may be used only where a lack of jurisdiction appears on the record. Practice Book, 1963, 94.
 II
The defendant claims that this proceeding is barred by 54-193,[2] which limits the time for prosecution of a crime punishable by imprisonment not in excess of one year to a period of one year after commission of the offense. It does appear that any *Page 568 
offense must have occurred prior to March 17, 1975, when the affidavit of the complainant was filed with the commission, and that no criminal prosecution under General Statutes 53-35 could have been instituted by the time of this petition, because of the statute of limitations. The information sought by the interrogatories, however, would also be relevant to civil proceedings under General Statutes 53-36, which authorizes an award of damages to the complainant, or under 53-36a, which provides for injunctive relief where there has been a violation of 53-35 in the rental of housing accommodations. It is not claimed that those proceedings would have been barred by any statute of limitations.
 III
The defendant has raised two overlapping constitutional claims in his brief: (1) that the interrogatories constitute an invasion of his privacy, and (2) that the trial court should have made a finding of probable cause before ordering them to be answered. The gist of his argument is that his business methods and records are his private affairs and that he should not be obliged to expose them to the view of others without just cause. It is not claimed that any of the information sought is irrelevant or might incriminate the defendant or that compliance would be unduly burdensome.
There is a requirement of good cause for a pure bill of discovery. "Discovery does not sanction impertinent intrusion, and there must be a showing of good faith and probable cause." Pottetti v. Clifford, 146 Conn. 252, 259. We are dealing here with a statutory proceeding. General Statutes31-125 (j), which is made applicable to the commission on human rights and opportunities by 53-36, expressly provides that the commission may require written answers to interrogatories relating *Page 569 
to a complaint under investigation pursuant to 53-36, which complaint alleges a violation of 53-35. General Statutes 31-127, which is also applicable to the commission by virtue of 53-36, provides that, after a complaint has been filed, it shall be referred for investigation, and, if the investigator determines that there is reasonable cause for believing that a violation has occurred as alleged in the complaint, he shall endeavor to eliminate the violation by conference, or certify the complaint and the result of his investigation to the commission for a hearing. The statute contemplates no determination of probable cause until after an investigation, which may include the use of interrogatories, has been completed. On the other hand, the nature and extent of the questions propounded remain subject to the control of the court in the proceeding to compel answers to the interrogatories pursuant to 31-125 (j).
We are not aware of any authority holding that the investigatory power of an administrative agency, so long as it does not involve an intrusion upon private property, is subject to any requirement of probable cause in the sense of a preliminary assessment of the merits of the claim. With respect to investigations which involve the inspection of premises to determine whether statutory violations have taken place, the fourth amendment has been deemed to necessitate, within the framework of the warrant procedure, a preliminary determination of probable cause as to the necessity for making the inspection. See v. Seattle, 387 U.S. 541, 545; Camara v. Municipal Court, 387 U.S. 523, 534. Although the defendant argues that the same principle should be applicable to inquiries for information directed to a person, we have concluded that the situations are quite different. The absence of any physical intrusion where interrogatories are filed, as well as the *Page 570 
opportunity to contest their propriety in a legal proceeding, adequately protects any right of privacy which might be infringed. We are not dealing here with a general investigation or fishing expedition into the records of the defendant on a chance that some violation might turn up. Even with respect to business records, it is recognized that the investigative power of an administrative agency is not unrestricted. Federal Trade Commission v. American Tobacco Co.,264 U.S. 298, 306; Harriman v. Interstate Commerce Commission, 211 U.S. 407, 418. The inquiry must be reasonably necessary for performance of the duties of the agency as established by law; it must be germane to the subject matter of the investigation and not unduly burdensome; and it must not trespass upon any privilege. See See v. Seattle, supra, 544-45. The defendant makes no claim that the questions which he has been ordered to answer violate any of those principles. We, therefore, find no merit in his claim that the order of the trial court infringed upon his constitutional rights.
 There is no error.
A. HEALEY, PARSKEY and D. SHEA, Js., participated in this decision.