[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE BILL OF DISCOVERY
In the above matter the plaintiff, who is the administrator on the Estate of Jack Charles Rogan, late of the District of Lebanon, deceased, seeks discovery of certain information from the defendant which he alleges to be necessary to determine the identity or identities of the person or persons who caused the death of the decedent.
He therefore is asking the Court to grant the relief CT Page 232 requested in the complaint, to wit, to order the defendant to provide the information sought in the complaint by way of depositions or interrogatories.
The complaint is in the nature of a pure bill of discovery.
"To sustain a pure bill of discovery, a party must show that the matter he seeks to discover is material and necessary to the proof of, or is needed to aid in the proof of, another action, and that he has no other adequate means of enforcing discovery of the matter." Pottetti v. Clifford,146 Conn. 252, 258.
"Discovery does not sanction impertinent intrusion, and there must be a showing of good faith and probable cause." Idem. p. 259.
The respondent is not bound to answer any questions, which answer either standing alone, or in conjunction with other facts, may subject him to a penalty. Skinner v. Judson,8 Conn. 529, 534.
The Court held a hearing on the complaint on July 10, 1990 and received testimony from the plaintiff; John Bauer, a private investigator hired by the plaintiff; Francis DiCarli, a detective with the State Police; and from the defendant, who claimed his privilege against self-incrimination after he stated his name, address and that he was hunting in Lebanon on November 25, 1988. The Court also received a notice of death and autopsy report from the Office of the Chief Medical Examiner.
From the foregoing the following facts are found:
On the afternoon of November 25, 1988, the body of the decedent was found by the respondent in a patch of woods a few hundred yards behind his home in Lebanon. The respondent, who resides about one-eighth of a mile from the decedent's home, was hunting at the time and stumbled over the body in the woods. The shots were heard at about 4:30 p. m.
The body was removed to the Office of the Chief Medical Examiner where he was pronounced dead at 11:30 p. m. on November 25, 1988. An autopsy was performed the next day.
The autopsy revealed two gunshot wounds. One bullet entered the left side of the neck and exited on the right side of the face. No powder burns were visible. The entrance wound was an irregular hole of 1 centimeter in diameter. The exit CT Page 233 wound is a 1 centimeter slit.
The second gunshot wound was caused by a bullet passing through the soft tissue of the upper right arm.
The cause of death was determined to be a gunshot wound to the head and neck and the case is deemed a homicide.
The plaintiff has made extensive efforts to discover information of the circumstances surrounding the death, including talking to the State Police and State's Attorney and requesting a grand jury be invoked by the Governor. Other family members have sought information without success. He hired a private investigator who has been unable to develop anything substantial.
The State Police have investigated without result and the case is still active. Detective DiCarli has questioned the respondent, who has refused to respond and is deemed a suspect by the State Police.
The plaintiff is seeking to establish an action for wrongful death.
The Court finds that the plaintiff has established the grounds of his complaint entitling him to pursue the discovery sought and an interlocutory judgment in favor of the plaintiff may enter.
The matter is continued for a hearing on the procedure to be pursued.
BURNS, J.