[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This controversy concerns insurance coverage for a multi-story commercial building located at 225 Golden Hill Street in Bridgeport. The plaintiffs, Michael J. Creed and DeBrizzi Associates, owned the building at all relevant times, and the defendant, People's Bank, held the first mortgage thereon. Vandalism occurred at the premises in the spring of 1991, and the plaintiffs seek reimbursement for their losses from an insurance policy for fire extended coverage and vandalism that the defendant had procured from Arkwright Mutual Insurance Company.
Appearing on the miscellaneous/special proceedings calendar is a request by the plaintiffs for a "bill of discovery," an independent action CT Page 9696 in "equity" for discovery, in which they seek a copy of Arkwright's policy with People's and all other pertinent documents regarding this policy. Pottetti v. Clifford, 146 Conn. 252, 257,150 A.2d 207 (1959) ("To sustain a pure bill of discovery, a party must show that the matter he seeks to discover is material and necessary to the proof of, or is needed to aid in the proof of, another action, already brought or about to be brought, and that he has no other adequate means of enforcing discovery of the matter"). The plaintiffs assert that they require this information in order to determine whether as owners of the building they have a possible cause of action with respect to this policy, and that People's had refused their request for any such information.
The hearing revealed that the vandalism occurred between March and May, 1991. People's at that time insured the premises in its capacity as mortgagee under its master insurance policy with Arkwright. As a result of the vandalism, the defendant made a claim on this policy.
The plaintiffs believe that they may have a right to share in any recovery made by People's on its policy with Arkwright. People's argues, on the other hand, that it inquired of the plaintiffs if they had procured vandalism and related risks coverage as required by their mortgage with People's. After not receiving a satisfactory response, People's went out and procured its own coverage to protect its interest as mortgagee. The defendant paid for this insurance and advised plaintiffs that it was designating only itself as loss payee. While it is not at all certain that the plaintiffs have any interest in this policy, nevertheless, as said in Pottetti, supra, 257, "A pure bill of discovery is favored in equity and will be granted unless there is some well-founded objection against the exercise of the court's jurisdiction." No such objection has been filed in this case, and the plaintiffs as owners of the subject premises have arguably made "a showing of good faith and probable cause," Carten v. Carten, 153, Conn. 603, 614, 219 A.2d 711 (1966). Accordingly, the plaintiffs' request for a bill of discovery is granted.
So Ordered.
Dated at Bridgeport, Connecticut, this 27th day of October, 1992.
William B. Lewis, Judge