[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Anthony Cuomo has moved to strike a pleading titled Petition For Discovery by which the plaintiff, Alvin Berger, seeks information concerning certain bank notes on which plaintiff is liable in connection with a partnership venture dating from October 2, 1992. CT Page 1189
In the petition for discovery the plaintiff alleges that after he and the defendant became jointly and severally liable on certain notes evidencing a debt amounting to $1.7 million to First Constitution Bank, Cuomo and the bank entered into an agreement either releasing or limiting Cuomo's liability on the notes, and that plaintiff has been denied access to evidence concerning this agreement — which would affect his own liability on the notes — by Cuomo and by First Federal Bank, the successor to First Constitution Bank.
The plaintiff seeks disclosure under oath and production of documents concerning all agreements affecting the notes on which he is liable and alleges that he needs this information "to evaluate [his] legal position with respect to the current holder of the notes." The plaintiff does not assert that he believes he has a Cause of action or that he is about to assert a cause of action.
To sustain a pure bill of discovery (as opposed to one seeking both discovery and equitable relief) a party must show that the matter he seeks to discover is material and necessary to the proof of another action, already brought or about to be brought, and that he has no other adequate means of enforcing discovery of the matter. Pottetti v. Clifford, 146 Conn. 252,258 (1959); Page v. L'Ambiance Plaza Limited Partnership,2 CSCR 973 (1987), citing 1 Pomeroy, Equity Jurisprudence (5th ed.) 191 p. 278 (1941). In State v. Ebenstein, 219 Conn. 384, 389
(1991), the Supreme Court described bills of discovery a "ancillary to another action."
The case law concerning the use of a bill of discovery indicates that this relief can be granted only to a plaintiff who asserts that there is a cause of action to be supported by the information sought. In the leading case, Pottetti v. Clifford, supra, the plaintiff filed a claim in Probate Court, alleging that a decedent had promised to provide for his illegitimate daughter to the same extent he provided for his legitimate son. The plaintiff sought information concerning the degree of provision for the son in aid of this cause of action in contract. Similarly, the petitioners in the L'Ambiance Plaza bill of discovery were the administrators of the estates of workers killed in the collapse of a building. The court, Landau, J., noted that it had received testimony to the effect that the information sought was "necessary and material to the plaintiffs' CT Page 1190 claim" 2 CSCR at 974, though the precise claim itself is not defined in the ruling.
In Carten v. Carten, 153 Conn. 603, 614 (1966) the Supreme Court stated that the facts to be discovered pursuant to a bill of discovery are limited to "those which pertain to a party's cause of action or defense."
In Rogan v. Gannon, 2 Conn. L. Rptr. 121 (1990) the court, (Burns, J.) noted that the information sought in the bill of discovery was related to an action for wrongful death. An "impending negligence suit" was the reason for granting a bill of discovery in Maier v. City of Meriden, 14 Conn. L. Rptr. 8, page 10 (Burns, J).
The plaintiff has not alleged in his pleading that his partnership agreement with the defendant precludes subsequent limitations of the defendant's liability nor that the terms of the transactions with the bank preclude agreements that alter his own exposure. The plaintiff's bill, as drafted, does not identify any action "brought or about to be brought," as required in Pottetti v. Clifford. Without the allegation that there is a potential cause of action that is to be supported by the information sought, the court does not find that the plaintiff has alleged a situation under which he is entitled to the discovery sought. The motion to strike is granted.
Beverly J. Hodgson Judge of the Superior Court