[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks an equitable bill of discovery against Connecticut State Medical Society (CSMS) and Connecticut Medical Insurance Company (CMIC). CMIC filed an objection and memorandum of law in support of its objection. Although CSMS is represented by counsel, it failed to appear or file any pleading in response to CT Page 8563 the complaint. Dr. Gordon S. Cohen testified that the last time he practiced medicine actively was as a pathologist about the years 1975 or 1976. Dr. Cohen further testified be has no affiliation or privileges at any hospital. Dr. Cohen never made any application prior to or after his present application with CMIC.
On September 27, 1991, the plaintiff, Dr. Cohen applied for professional liability insurance. [Plaintiff's Exhibit A]. In his application in answer to question 5(6) he indicated "Not in active practice." In answer to question 8 as to the hours per week he practiced, his answer was "0". At the time of this hearing however he now states his practice is less than one hour per week. Dr. Cohen seeks the professional liability coverage because he has occasional inquiries both at his pharmaceutical plants from employees and at home from relatives and friends. Dr. Cohen was advised upon his denial of insurance by CMIC to seek coverage from a commercial carrier, because he no longer treats patients or consults with them at his two principal corporate offices. CMIC suggested multi-line companies that offer commercial insurance. Also if Dr. Cohen wished he could pursue coverage with CMIC by meeting with the Underwriting Committee to decide if he was eligible for medical malpractice insurance with CMIC. Dr. Cohen took no further action on his application and files this equitable action. [See Exhibit D]. Dr. Cohen was notified since CMIC's underwriting criteria `[r]equires that insured be practicing physicians' and because his current professional activities did not include active medical practice CMIC could not provide insurance.
Dr. Cohen made complaint to the Insurance Commissioner for the State of Connecticut who investigated this matter. Pursuant to said investigation CMIC responded that Dr. Cohen was denied coverage because he did not have a medical practice and that his present duties were purely administrative and did not involve the practice of medicine; and more appropriately products liability insurance or general liability insurance should be sought by Dr. Cohen since CMIC does not write such lines of coverage. Dr. Cohen was notified by the Insurance Department for the State of Connecticut. "[T]he position taken by the company [CMIC] does not violate any statutes under our jurisdiction, as such we cannot order CMIC to insure you for malpractice coverage."
Dr. Cohen sought coverage with CMIC because it was less expensive.
The bill in equity is used in rare circumstances where CT Page 8564 disclosure of evidence is necessary before trial for some unusual and compelling justification. In Re Petition of Sebastian Magnano1 CSCR 332 12 CLT 25 (1986).
 "To sustain a pure bill of discovery, a party must show at trial the matter he seeks to discover is material and necessary to the proof of or needed to aid in the proof of another action already brought or about to be brought and he has no other means of enforcing discovery of the matter." [citation omitted] Page v. L'Ambiance Plaza Limited Partnership et al. 2 CSCR 9973 13 CLT 40 (1987).
As stated in Page v. L'Ambiance Plaza Limited Partnership et al. supra the leading case in Connecticut is Potetti v. Clifford146 Conn. 252 (1959) which further held.
 "In passing upon the bill, the court exercises a discretionary power within recognized limits." Pottetti, at 259. "Discovery does not sanction impertinent intrusion, and there must be a showing of good faith and probable cause." Id. Discovery "does not extend to all material facts but only to those which pertain to a party's cause of action or defense. Discovery cannot be used to pry into the opposing party's cause or to find out the evidence by which that case will be supported."
 It is important to note that discovery rules only apply to existing litigation. "If discovery must be had before a lawsuit is commenced (such as to determine the identity of the defendant) the ancient bill in equity is still viable . . . but narrowly construed." Conn. Practice Bk. Ann. 218 (1987).
 In other jurisdictions, legislatures have passed laws and courts have made rules providing discovery, where none was available at common law. I Pomeroy, Equity Jurisprudence (5th Ed) 190. Section 3102(c) of New York Civil Practice Rules and Law CT Page 8565 provides for pre-action discovery.
 If a person has a cause of action against another but needs assistance from the disclosure devices before he can sue on it, disclosure is available under CPLR 3102(c). Disclosure in this instance may be sought to enable plaintiff to determine the form that the action should take. As long as the potential plaintiff can demonstrate that he has a cause of action, he may even resort to pre-action disclosure to determine who the defendant should be.
 It is necessary, however, that the applicant demonstrate that he has a least a prima facie cause of action. Pre-action disclosure under CPLR 3102(c) is not available to the would-be plaintiff to determine if he has a cause of action. See, McKinney, Consolidated Laws of New York 283.
The factual basis addressed by the evidence in this case did not establish that the plaintiff has a basis for a civil cause of action. The plaintiff failed to prove circumstances sufficiently to allow the extraordinary remedy of compelling disclosures to frame a lawsuit. There was no showing of bad faith to conceal the reasons for denying insurance coverage. The defendant CMIC did not violate any existing regulations to invoke the insurance commissioners to compel coverage.
The court will not allow an intrusion or fishing expedition into the business affairs of the defendant CMIC to find some reasons to assist the plaintiff to bring an action. There has not been any evidence produced to get the court's assistance at this time.
Accordingly the defendants', CMIC, objection to the bill of discovery is sustained.
Frank S. Meadow State Trial Referee CT Page 8566