[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO DISMISS
FACTS
The plaintiff, Kevin Hadley, filed a one count bill of discovery complaint against the defendant, Wyman-Gordon Investment Castings, Inc. (Wyman-Gordon) on March 28, 1996, alleging that he was burned on the hand, despite the fact that the plaintiff was wearing protective gloves, when the torch he was using reignited after being shut off. Attached to the plaintiff's bill of discovery complaint is an application for an ex parte restraining order to prevent spoilation of the torch and gloves, over which the defendant maintained possession.
Rather than issuing the temporary order, the court set down an April 8, 1996 hearing to show cause to address the restraining order application. This hearing did not take place. The materials requested by the plaintiff in his bill of discovery complaint were subsequently made available by the defendant for the plaintiff's inspection. The defendant brings its motion to dismiss on the ground that the plaintiff's application for an ex parte restraining order has become moot because the defendant voluntarily provided access to the torch and gloves requested by the plaintiff.
In opposition to the defendant's motion, the plaintiff argues that he filed an equitable bill of discovery, which includes CT Page 458 production of the maintenance records relating to the torch used by the plaintiff at the time of his alleged injuries to determine whether a products liability action may be maintained.
On August 27, 1996, the defendant filed a memorandum in support of its motion, arguing that the plaintiff's application seeks only a restraining order requiring the defendant to make the torch available to the plaintiff for non-destructive testing and to refrain from altering, transferring or disposing of the tool until the plaintiff may test it. Since the testing of the tool has taken place, the defendant argues, there is no more discovery to be had under the plaintiff's bill of discovery and, therefore, both the bill of discovery and application for a restraining order should be dismissed.
DISCUSSION
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought." Bergerv. Cuomo, 230 Conn. 1, 5-6, 644 A.2d 333 (1994). "As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. . . . The bill is well recognized and may be entertained notwithstanding the statutes and rules of court relative to discovery. . . . Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well rounded objection against the exercise of the court's discretion." (Citations omitted.) Id., 6.
"To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought." Id., citing Pottetti v.Clifford, 146 Conn. 252, 287, 150 A.2d 207 (1959). "The general rule of equity applies that the relief available at law must be inadequate. This rule means that the bill can be resorted to only when discovery by motion or depositions from parties are not available." Page v. Delwood Development, Superior Court, judicial district of Fairfield at Bridgeport, Docket Nos. 239822, 239869, 239870, 239871, 239872 (August 12, 1987, Landau, J., 2 CSCR 973), citing Pottetti v. Clifford, supra, 262. "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." Pottetti v.Clifford, supra, 262. CT Page 459
"Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, [t]he availability of other remedies . . . for obtaining information [does] not require the denial of the equitable relief sought. . . . The remedy is designed to give facility to proof." (Citations omitted; internal quotation marks omitted.) Berger v.Cuomo, supra, 230 Conn. 6. "Discovery is confined to facts material to the plaintiff's cause of action and does not afford an open invitation to delve into the defendant's affairs. . . . A plaintiff must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action." Id., 6-7.
In the present case, the plaintiff filed a bill of discovery complaint demanding discovery of the torch and gloves used by the plaintiff on the date he was allegedly burned. The defendant made the torch available for examination, operation, inspection, photographing and evaluation by the plaintiff, his attorney and his expert on May 3, 1996. The defendant advised the plaintiff that the gloves used by the plaintiff at the time of the alleged injury were not identifiable, but provided similar gloves for evaluation and examination on May 3, 1996.
On June 4, 1996, the plaintiff served the defendant with a request for production to inspect and copy maintenance records from October 1995 to the present for the torch and torch handle. The defendant argues that it is not required to comply with the plaintiff's request because the bill of discovery was specific as to the material sought from the defendant.
Practice Book § 227 governs requests for production, inspection and examination, but applies only to "any civil action . . . probate appeal . . . administrative appeal. . . ." The discovery rules only apply to existing litigation. If discovery must be had before a lawsuit is commenced, a bill of discovery is viable. See Pottetti v. Clifford, supra,146 Conn. 252; see also Practice Book § 235. In a bill of discovery, "[a] plaintiff should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to [his] case." (Internal quotation marks omitted.) Berger v. Cuomo, supra, 230 Conn. 7. CT Page 460
The court finds that the plaintiff, by serving a request for production on the defendant, demonstrates that there may be other adequate means of enforcing discovery of the required material. See Berger v. Cuomo, supra, 230 Conn. 6. Furthermore, because the defendant voluntarily complied with the plaintiff's bill of discovery complaint by making the specifically requested items available for the plaintiff's inspection, the complaint is rendered moot. Accordingly, the defendant's motion to dismiss the bill of discovery complaint and application for restraining order is granted.
CONCLUSION
In accordance with the foregoing discussion, the court grants the defendant's motion to dismiss the plaintiff's bill of discovery complaint and application for an ex parte restraining order.
Booth, J.