[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE (#103)
This is an action in equity filed expressly for the purpose of discovering any and all documents relating to an option agreement to acquire property for use as a senior assisted living housing project. The petitioners also seek by their complaint any and all documents relating to similar projects in which the defendants are or may be involved in Hamden, Wallingford, Cheshire and any other area in Connecticut. The defendants have moved to strike the complaint for the reason that it is legally insufficient because it fails to state a claim for which relief can be granted.
A motion to strike is the appropriate vehicle by which to challenge the legal sufficiency of a pleading. Practice Book §10-39; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . ." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, CT Page 808 270-71, 709 A.2d 558 (1998). A motion to strike admits all well pleaded factual allegations. Westbrook Bank Trust Co. v.Corcoran, Mallin Aresco, 221 Conn. 490, 495, 605 A.2d 862
(1992).
In Berger v. Cuomo, 230 Conn. 1, 644 A.2d 333 (1994), our Supreme Court held that in order "[t]o sustain [a] bill [of discovery], the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. . . . Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, the availability or other remedies for obtaining information does not require the denial of the equitable relief sought. . . . This is because a remedy is adequate only if it is one which is specific and adapted to securing the release sought conveniently, effectively and completely. . . ." (Citations omitted; internal quotation marks omitted.) Id., 6.
The complaint alleges in pertinent part that the defendants acquired options on property that the petioners had intended to develop as an assisted living senior housing project, the defendants themselves have developed numerous similar projects in existence or in the planning stage, and the defendants procured these options for the purpose of defeating competition by the petitioners. The petitioners claim that they have probable cause to bring a potential cause of action for antitrust violations.
The defendants note that the petitioners have initiated other litigation relating to the options on the property referenced in their bill of discovery, namely, Silberstein v. Town ofMiddlebury, X06 CV97-0154857S, Scott Gerard, Trustee v. SMOAssociates, X06-78-0154515S and Morris H. Silberstein v. SMOAssociates, X06-CV97-0154514S. In Berger, our Supreme Court further noted that "because a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion.Pottetti v. Clifford, 146 Conn. 252, 257 (1959), Peyton v.Werhane, supra, 389." Berger v. Cuomo, supra, 230 Conn. 6. The scope of discovery in the bill of discovery at issue is beyond the information provided or available in the related actions.
The petitioners have met the burden of alleging facts and a legal theory sufficient to support the equitable bill of CT Page 809 discovery. The motion to strike (#103) is denied.
ROBERT F. McWEENEY, J.