[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON BILL OF DISCOVERY
The plaintiff Elizabeth Likier, joined by her husband Howard Likier, brings this complaint for a bill of discovery against the defendant The Christmas Tree Shops, Inc. The defendant, which has already provided some information to the plaintiffs, opposes any order of the court that would require the defendant to cooperate further with the inquiry of the plaintiffs.
The facts which the defendant concedes the plaintiffs could prove are these. The plaintiff Elizabeth Likier was a customer in the defendant's Orange, Connecticut, store on May 25, 2000, at midday. While shopping, she fell to the ground, losing consciousness. She awoke with a jagged cut on her head. She was transported by emergency medical personnel to the local hospital where she was treated and discharged. She was later examined by a neurologist who has been unable to diagnose any medical CT Page 15294 cause of the incident. She has no history of syncope or seizures. If she did not spontaneously lose consciousness, then the only other explanations for her fall were that she fell down or that she was struck by some person or object. She asserts that she may have a cause of action against the defendant or against some other person or entity for her personal injuries.
She seeks to review the surveillance video tapes that are recorded by video cameras throughout the store. She further seeks to depose store personnel who were on duty that day. The defendant opposes such discovery.
The defendant asserts the following. The defendant has reviewed the videotapes for the day in question and has been able to identify the plaintiff entering the store at approximately 12:30 P.M. The defendant is next able to identify the plaintiff on the tapes being assisted out of the store by emergency medical personnel. The area where the plaintiff fell is not clearly visible by any camera. The defendant has shown the two bits of tape, of about 15 seconds duration, on which the plaintiff is identifiable to the plaintiff and her counsel.
The defendant asserts that there is much time, trouble, and expense involved in making store personnel available for depositions and in assembling the security personnel necessary to run the videotapes. There are about eighteen cameras in the store and the plaintiff appears to have been on the premises for about one hour. Assuming that each camera records a tape in real time, this would mean eighteen hours of tape-watching to see where the plaintiff traveled in the store and what might have occurred to contribute to her fall. Moreover the defendant asserts that the plaintiff has not met the burden of showing the elements for a bill of discovery as outlined in case law.
To prevail in an equitable action for a bill of discovery, the plaintiff must show that what is sought to be discovered is material and necessary for proof of another action already brought or about to be brought. Pottetti v. Clifford, 146 Conn. 252, 258 (1959). The proponent must show that there are no other adequate means of enforcing discovery of the desired material. Id., 262. Finally the plaintiff must demonstrate "by detailed facts that there is probable cause to bring a potential cause of action." Berger v. Cuomo, 230 Conn. 1, 7 (1994). The plaintiff who seeks discovery in equity "must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong." Id. "Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion." Id., 6. CT Page 15295
It is the requirement that the plaintiff show probable cause on which the defendant asserts the plaintiff's proof has failed. The defendant claims, and of course the plaintiff cannot deny, that the plaintiff does not know what caused her to fall. That something hit her on the head is characterized by the defendant as constituting "mere suspicion" and by the plaintiff as rising to "probable cause."
What is known at the present time is that there is no satisfactory medical explanation for the situation in which the plaintiff found herself on May 25, 2000. Moreover while she was an invitee on the defendant's premises either her head hit something or something hit her head. In the court's view, upon the facts of this case as so far developed, plaintiff has met the burden of showing "detailed facts that there is probable cause to bring a potential cause of action" Id., 7 (emphasis supplied). The plaintiff has satisfied all of the requirements for a successful bill of discovery.
The bill of discovery is an equitable proceeding. See discussion id.,
6. As such the court has the discretion to limit or restrict the scope of discovery or to issue other orders as may be equitable under the circumstances of the case. Although the plaintiff has, in the court's view, demonstrated the requisite probable cause that she may have a potential cause of action, it is unclear what the discovery will yield. It may be that nothing can be seen on the tapes that will provide useful information to the plaintiff. So far, the defendant is only a defendant in a bill of discovery proceeding and not in a lawsuit for damages. One who is investigating whether there are grounds to bring a lawsuit must bear the costs associated with such an investigation. And so must the plaintiff here. She may obtain the discovery but must do so largely at her own expense.
The court enters the following orders:
As to depositions, the plaintiff may depose Duane Brittain and Dianne Liuzzo, who are employees of the defendant who have store management responsibilities. The plaintiff may compel the production by subpoena to such deposition of any incident report, investigative report, or witness statements recorded by or in the possession of the store in connection with the incident of May 25, 2000. Each party shall bear its own costs in connection with such depositions.
As to the surveillance videotapes, the plaintiff may view all videotapes made on the defendant's premises that begin at 12:30 P.M. on May 25, 2000, and that end at the time it is apparent that the plaintiff is being taken from the premises. The plaintiff shall be obligated to pay a reasonable charge for the time of any agent of the defendant who is CT Page 15296 entrusted with identifying and transporting the videotapes and with playing the tapes for viewing by the plaintiff. She shall not be obligated, however, to pay an additional charge for defendant's counsel unless counsel is the individual who solely transports and plays the tapes. At the plaintiff's election and at her cost, she may obtain a copy of any such tape.
In the event of any further dispute over the effectuation of the court's orders pursuant to this bill of discovery, the court shall maintain jurisdiction.
The bill of discovery is granted as herein stated.
Patty Jenkins Pittman Judge of the Superior Court