[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case comes before the court on a motion to strike the plaintiff's bill of discovery on the grounds that plaintiff failed to articulate sufficient detailed facts which would support a potential cause of action. The defendant, Joan C. Gray, as executrix of the estate of Ann L. Ross, claims that the plaintiff failed to articulate anything other than mere suspicions of wrongdoing and, therefore, the bill of discovery is legally insufficient.
Plaintiff, Thomas B. Griglun, brought this action in equity for discovery seeking "any evidence, including any documents, statements, records, electronic or otherwise relevant to the facts" described in the bill of discovery. The plaintiff alleges that the defendant, Joan C. Gray, executrix of the estate of Ann L. Ross, failed and neglected to properly account for her doings as executrix and also for certain transfers made prior to Ross' death from Ross' accounts at the defendant's Chase Manhattan Bank and Fleet Blank. The plaintiff claims that Gray, as executrix, filed a misleading estate tax return to the State of Connecticut. CT Page 17198
 DISCUSSION
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery was sought . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries . . . Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the court's discretion." Berger v. Cuomo, 230 Conn. 1, 5-6, 644 A.2d 333
(1994). A plaintiff bringing a bill of discovery must demonstrate that what is sought is material and necessary for the proof of, or is needed to aid in proof or defense of, another action already brought or about to be brought; that he has no other adequate means of enforcing discovery; that there is a good faith basis to conclude that the information sought is both material and necessary to the action; and that detailed facts exist showing that there is probable cause to bring a potential cause of action. See Pottetti v. Clifford, 146 Conn. 252, 259, 150 A.2d 207
(1959).
"A motion to strike admits all facts well pleaded . . . a determination regarding the legal sufficiency of a claim is, therefore, a conclusion of law, not a finding of fact." See Napoletano v. CIGNA Health Care ofConnecticut, Inc., 238 Conn. 216, 232, 680 A.2d 127 (1996), cert. denied, 520 U.S. 1103, 117 S.Ct. 1106, 137 L.Ed.2d 308 (1997). If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. United Technologies, Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "Moreover, . . . what is necessarily implied in an allegation need not be expressly alleged."Clohessy v. Bachelor, 237 Conn. 31, 33 n. 4, 675 A.2d 852 (1996).
The defendant Gray argues that plaintiff's allegations are conclusory and do not set forth the "detailed facts" necessary to show that there is probable cause to commence an action in the future. Additionally, the defendant questions the basis for any action. Finally, the defendant states that discovery should not proceed because the complaint was not verified as required by Section 52-56a. This court disagrees with all of the defendant's arguments.
Paragraph 10 in the plaintiff's bill of discovery clearly claims that Joan C. Gray as executrix of the estate of Ann L. Ross has breached her fiduciary duty. The allegations that Gray failed and neglected to properly account and submitted a false and misleading estate tax return to the State of Connecticut and that she failed and neglected to account for her doings as executrix are sufficiently detailed. Finally, C.G.S. CT Page 17199 Section 52-156a does not specifically require a verified complaint for a bill of discovery in which a deposition testimony is not being sought. The court finds that the allegations are sufficient to support a cause of action for breach of fiduciary duty.
Accordingly, the motion to strike is denied.
GALLAGHER, JUDGE.