[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE, # 106, 109, 122, 128
Before the court are the respondents', Hutchins Associates, MDC Statewide Appraisal, Duhamel Duhamel and Complete Appraisal, motions for reconsideration and reargument of their motions to dismiss. For the reasons discussed below, the respondents' motions are hereby denied.
On September 17, 2001, the petitioner, the Autobody Association of Connecticut (ABAC), filed a verified petition for a bill of discovery against the above-named respondents.[1] In October and November, 2001, each of the four respondents filed motions dismiss the petition. The court, Gallagher J., issued a written decision denying the respondents' motions to dismiss on March 6, 2002. The court held that ABAC met the requirements for associational standing in Connecticut. Specifically, the court found that the individual members of ABAC would have standing to sue for a violation of CUTPA/CUIPA in their own right, because ABAC alleges that the respondents engaged in acts which violate CUIPA with such frequency as to indicate a general business practice. Second, the court held that the purposes of ABAC in bringing its petition are germane to ABAC's stated purposes as an organization. Finally, the court held that because the relief requested is merely discovery, the individual members would not have to participate in the present action.[2]
CT Page 9938
Hutchins Associates, Duhamel Duhamel, Complete Appraisal and MDC filed motions for reargument on March 22, 25, 26 and 27, 2002, respectively. The petitioner filed a memorandum in opposition on April 5, 2002. The motions came before the court on April 15, 2002.
Practice Book § 11-12 applies to motions to reargue, and provides, in pertinent part: "(a) A party who wishes to reargue a decision or order rendered by the court shall . . . file a motion to reargue setting forth the decision or order which is the subject of the motion, the name of the judge who rendered it, and the specific grounds for reargument upon which the party relies. . . . (c) The motion to reargue shall be considered by the judge who rendered the decision or order. Such judge shall decide, without a hearing, whether the motion to reargue should be granted."
"[T]he purpose of reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been some misapprehension of facts. . . . It may also be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." (Citations omitted; internal quotation marks omitted.) Opoku v.Grant, 63 Conn. App. 686, 692, 778 A.2d 981 (2001). "If a court is not convinced that its initial ruling is correct, then in the interests of justice, it should reconsider the order. . . ." (Internal quotation marks omitted.) Tiber Holding Corp. v. Greenberg, 36 Conn. App. 670, 671 n. 1,652 A.2d 1063 (1995). "[A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple or to present additional cases or briefs which could have been presented at the time of the original argument." (Internal quotation marks omitted.) Opoku v.Grant, supra, 63 Conn. App. 692-93.
In this case, the respondents argue that the court failed to decide whether the petitioners have standing to pursue the proposed action for which it seeks discovery. They contend that if ABAC does not have standing to bring the proposed action, then it should not be allowed to conduct the discovery it seeks in its petition. The petitioner opposes the motions to reargue on the basis that the court was correct in its decision, and the respondents offer no new arguments which would merit reconsideration by the court.
Both the respondents and petitioner rely on Berger v. Cuomo, 230 Conn. 1,644 A.2d 333 (1994); and Pottetti v. Clifford, 146 Conn. 252, 150 A.2d 207
(1959). The respondents argue that these cases stand for the proposition that the petitioner must show it has standing in the action for which discovery was sought. The petitioner argues that these cases support its CT Page 9939 position because it seeks a "pure" bill of discovery, and therefore, it would be premature for the court to consider the merits of the underlying case.
In Pottetti v. Clifford, supra., 146 Conn. 257-58, the court explains "[a] pure bill of discovery is favored in equity and will be granted unless there is some well-founded objection against the exercise of the court's jurisdiction. . . . [C]ases in this state, make a distinction between pure bills of discovery and bills for discovery and relief. In the latter, the petitioner must show that he has stated a valid cause of action for the equitable relief in support of which he seeks to invoke the equitable powers of the court for a discovery." (Citations omitted; internal quotation marks omitted.). On the other hand, "[t]o sustain a pure bill of discovery, a party must show that the matter he seeks to discover is material and necessary to the proof of, or is needed to aid in the proof of, another action, already brought or about to be brought, and that he has no other adequate means of enforcing discovery of the matter." Id., 258.
Berger v. Cuomo, supra., 230 Conn. 1, is instructive because in it, the court discusses what the element of probable cause means in the context of a pure bill of discovery. As stated by the court, "[t]he plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action. . . . Its existence or nonexistence is determined by the court on the facts found. . . . [T]he plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he need only set forth facts that fairly indicate that he has some potential cause of action." (Citations omitted; internal quotation marks omitted.) Berger v. Cuomo, supra., 230 Conn. 7-8. "[T]here is a distinction between a would-be plaintiff having to demonstrate the need for the information to determine whether a particular cause of action is worthy of being pursued and a plaintiff having to prove definitively that he has a cause of action and that he will probably prevail ultimately at the trial on the merits." Id., 9.
In the present case, the petitioner only seeks discovery, and therefore, filed a "pure" bill of discovery, not a bill of discovery and relief. The petitioner has articulated facts to show that it has probable cause to bring an action against the respondents under CUTPA/CUIPA, and the court has already found that, depending on the relief sought, the petitioner would have standing in such a case. The respondents have presented no new principle of law, or fact which the court overlooked that CT Page 9940 would merit the court's reconsideration of their motions to dismiss. Accordingly, the respondents' motions for reargument are denied.
GALLAGHER, J.