MARY MUTI *v.* CITY OF NEW HAVEN ET AL.

HON. HERBERT S. MACDONALD, A JUDGE OF THE SUPERIOR COURT

NEW HAVEN COUNTY AT NEW HAVEN

Memorandum filed April 8, 1963

*Richard A. LoRicco,* of New Haven, for the plaintiff.

*Roger J. Frechette,* of New Haven, for the defendants.

MACDONALD, J. The plaintiff, claiming to have been injured by a fall caused by accumulations of ice and an extended fire hose on a New Haven sidewalk, has applied for an order for the perpetuation of testimony under the provisions of § 52-156 of the General Statutes.

Specifically, this petition recites that the plaintiff intends to bring suit against the city of New Haven and the employee or member of the city's fire department responsible for attending the hose in question, under § 7-308 of the General Statutes; that under that statute she must file notice of her intention to institute such action within six months of the claimed accident, not only with the city but also with the fireman or firemen involved; that their identity is unknown to her but is known to the fire chief and certain police officers of the city present at the time of the accident; and that she must have this information in order properly to institute her intended action. She asks that the chief and these police officers be directed to appear to have their depositions taken to furnish the information she needs to institute her suit.

At a hearing on an order to show cause, the petition was vigorously opposed by counsel for the city on the ground that the statute was intended not to enable potential plaintiffs to find out who should be sued nor to provide pretrial discovery procedure available only under the federal rules of procedure, but only to perpetuate the testimony of known witnesses who, by reason of age, illness or other cause, might not be available to testify at time of trial, and that the plaintiff's proper remedy is to file the appropriate motion for disclosure and interrogatories after commencing suit against the city and then to cite in the party or parties thus ascertained to be proper additional defendants.

It appears from a careful reading of § 52-156 that it expressly covers the plaintiff's situation and affords her a far more direct, simple and expeditious procedure than that suggested by opposing counsel. The applicable language of the statute reads as follows: "Any person desirous of perpetuating the testimony of any witness, concerning any matter

which is *or may be* the subject of a suit, may present a petition in writing to any judge of the superior court, setting forth the reasons of his application, the name of the witness, the subject matter of the controversy and the names of all persons interested therein and praying that the deposition of the witness may be taken . . ." (italics supplied). The rest of the statute outlines the procedure for a show cause hearing on the petition and for the taking of the deposition if ordered and contains no limitations on the circumstances justifying the need for same—such as the health or advanced age of the witness or his possible unavailability at time of trial.

The plaintiff's petition meets all the requirements of the statute, and the city, at the hearing, showed no sufficient cause why the requested deposition should not be taken—except that, judging from the absence of Connecticut decisions on the precise point involved, the statute had not been invoked previously for this purpose, which amounts, in substance, to "discovery before suit." It is a use which should not be permitted to be abused by broad "fishing expeditions" to enable a party to ascertain whether or not he has a cause of action or to assist him in framing a complaint. It should be carefully limited to situations, such as the one before us, where the ends of justice clearly require its use.

The petition is granted, and the court will enter an appropriate order for the taking of depositions of Chief Collins, Lieutenant Boyle and Officer Buffalo, if one is presented in stipulated form or in the presence of opposing counsel.