PETITION OF FREDERICK R. CHRISTENSEN, ADMINISTRATOR (ESTATE OF NEZAHAT C. CHRISTENSEN)

HON. CHARLES S. HOUSE, A JUDGE OF THE SUPERIOR COURT
HARTFORD COUNTY

Memorandum filed January 21, 1964

*Elihu H. Berman,* of Hartford, for the petitioner.

*Day, Berry & Howard,* of Hartford, for the respondent.

HOUSE, J. In brief, the present petition recites the following situation: Nezahat Ceyla Christensen died June 24, 1962, as the result of the negligent operation of an automobile by her husband, Richard G. Christensen. The petitioner is administrator of her estate. Her husband was insured by the Aetna Casualty and Surety Company, and the policy carried a clause excluding coverage on account of bodily injury to the spouse of the named insured. The petitioner believes that the exclusion was included in the policy by either mistake or fraud and intends to bring suit to reform the policy. "The determination of the legal and factual questions relating to this matter will require substantial periods of time in preparation of a complaint, pleadings, memoranda, hearings on motions, assignment of the case on the docket for trial to a jury, etc." Sebastian J. Caccomo was the agent who sold the policy and "would be a witness in said suit." Wherefore, the petitioner under the provisions of § 52-156 of the General Statutes seeks an order to require that Caccomo's testimony be perpetuated by requiring that his deposition as a witness be taken now.

Section 52-156 provides that any person desirous of perpetuating the testimony of any witness, concerning any matter which is or may be the subject of a suit, may present a petition in writing to any

judge of the Superior Court, setting forth the reasons of his application, the name of the witness, the subject matter of the controversy and the names of all persons interested therein and praying that the deposition of the witness may be taken. The statute thereafter outlines the procedure for the show cause hearing on the petition and for the taking of the deposition if it is ordered. The statute contains no standards for a determination as to whether or not the petition should be granted or in what circumstances it should be granted or denied.

This statutory provision appears to be a codification of the ancient bill in equity to perpetuate testimony. See *Arizona* v. *California,* 292 U.S. 341; *Jerome* v. *Jerome,* 5 Conn. 352; 26A C.J.S., Depositions, § 5 (a). The purpose of the procedure is well stated in *Arizona* v. *California,* supra, 347. "The sole purpose of such a suit is to perpetuate the testimony. To sustain a bill of this character, it must appear that the facts which the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy; that the testimony will be competent evidence; that depositions of the witnesses cannot be taken and perpetuated in the ordinary methods prescribed by law, because the then condition of the suit (if one is pending) renders it impossible, or (if no suit is then pending) because the plaintiff is not in a position to start one in which the issues may be determined; and that taking of the testimony on bill in equity is made necessary by the danger that it may be lost by delay." The procedure is confined to cases where extraordinary remedy is necessary in the interests of justice and there is a substantial risk that the testimony will be lost unless the extraordinary relief is granted. See 26A C.J.S., Depositions, § 23; 16 Am. Jur., Depositions, §§ 8, 9.

As noted by *MacDonald, J., in Muti v. New Haven,* 24 Conn. Sup. 452, 454, the procedure "amounts, in substance, to 'discovery before suit.' It is a use which should not be permitted to be abused by broad 'fishing expeditions' to enable a party to ascertain whether or not he has a cause of action or to assist him in framing a complaint. It should be carefully limited to situations . . . where the ends of justice clearly require its use." If there were not such a limitation, there would be no need for the existing provisions by statute and rule providing for the taking of depositons under clearly defined special circumstances. See General Statutes §§ 52-148, 52-149, 52-154, 54-86; Practice Book, 1963, § 185. It is noteworthy that the predecessor of the present § 52-148 of the General Statutes was already in existence in 1823 when the provisions of what is now § 52-156 were first adopted. See Statutes, 1821, p. 47, § 44; Public Acts, 1823, c. 10, p. 44.

There appears no reason why the petitioner cannot immediately commence suit on whatever cause of action he claims and therein proceed in the usual manner. He has demonstrated no unusual circumstance which, in view of the objections of the respondent, justifies the extraordinary order which he seeks. To grant such a petition as this would open the door to an unlimited process of permitting depositions before suit for the purpose of determining whether a cause of action does exist and even developing a cause of action. The deposition being taken before suit and before issues are framed, it would be impossible to determine questions of relevancy or materiality.

The respondent's question as to the right of this petitioner to institute the suit which he considers instituting, i.e. to reform a contract to which neither he nor his decedent were parties, cannot be deter-

mined on this petition and is noted only for the reason that it does emphasize the caution which must be exercised in granting such a petition as this before any suit is instituted. It is also noted that the petitioner has not provided for notice of this petition to be given to the insured, Richard G. Christensen, whose contract with the insurance company the petitioner may seek to reform. Parties interested in and affected by the deposition must be notified. *Payne's Case,* 2 Root 156.

The petition is denied.