[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The issue before this court is whether the pre-complaint discovery authorized by General Statutes § 52-156a may be pursued against an employee of the State of Connecticut.
The applicant, Dennis Dempsey, alleges that he was injured while working on a state-owned facility known as Platt Regional Technical School in Orange, Connecticut. He has filed a bill of discovery pursuant to General Statutes § 52-156a seeking to depose Stephen Haggerty, who he identifies as building superintendent of the facility. The applicant alleges that his injury was the result CT Page 4798 of coming into contact with exposed electrical wires while he was working at Platt Regional Technical School, and he seeks to question Haggerty to determine the identity of entities that may be responsible for the state of the electrical wiring at the time of his injury.
In the same application, the applicant also seeke 1) an order "directing that the Defendants [sic] preserve the evidence until such time as the court has had an opportunity to rule on this instant petition for discovery" and 2) an order "compelling the Defendant to permit photographs, disassembly and inspection of the subject wiring at a reasonable time and place."
The latter two requests amount to an application for injunctive relief, specifically, for mandatory relief. It is well settled that unless the State consents to suit, an action for injunctive relief will not lie against the state as to nonconstitutional claims. Rogan v. Board of Trustees, 178 Conn. 579,585 (1979). This principle applies where the proceeding is nominally against an individual if the State is the real party in interest. Somers v. Hill, 143 Conn. 476, 480 (1956).
The applicant has articulated no constitutional claim but seeks an order requiring interruption and possible cessation of activities in a state facility in aid of a potential claim against others for personal injuries. Such injunctive relief cannot be granted without the State's consent, which is absent.
As to request to depose Stephen Haggerty, the state asserts that the procedure set forth in General Statutes § 52-156a is not available to the applicant because Haggerty is a state employee who is being asked to respond in his capacity as a state employee.
The statute cited, which bears the heading "Preservation of the testimony of a witness" provides as follows:
 Any person who desires to present the testimony of any witness, concerning any matter which is or may be the subject of a civil action, may present a petition in writing to any judge of the superior court, setting forth the reasons for his application, the name of the witness, the subject matter of the controversy and the names of all persons interested therein and praying that the CT Page 4799 deposition of the witness may be taken.
The statute further provides for an order to show cause why the deposition should not be taken.
The State has filed an objection to the effect that the court lacks subject matter jurisdiction because the procedure set forth in § 52-156(a) is not available against a state employee in the course of his employment by virtue of the doctrine of sovereign immunity. The State characterizes the application as a suit against the State and asserts that a suit may be maintained against it only when the State has consented to suit or if a constitutional claim is raised. White v. Burns, 213 Conn. 307, 312 (1990);Sentner v. Board of Trustees of Regional Community Colleges,184 Conn. 339, 342 (1981); Horton v. Meskill, 172 Conn. 615, 623
(1977).
The State has not addressed itself to the distinction, made by the applicant, that he had filed no suit but merely seeks discovery in aid of a potential suit against entities other than the state.
While the Connecticut Supreme Court has had occasion recently to address the availability of the bill of discovery procedure to investigate the existence of claims before a suit is brought, seeBerger v. Cuomo, 230 Conn. 1 (1994), the parties have not cited and this court has not located any report of the use of this procedure to discover information from the State or its agents.
The Connecticut Supreme Court has, however, held that where the statutes provide a specific administrative method of resolution of a request for relief involving the State, such an administrative scheme should be followed, and claims invoking other procedures should be dismissed where the issue is not of constitutional dimensions Owner-Operators Independent Drivers Assn. of America v.State, 209 Conn. 679, 686 (1989); Norwich v. Lebanon, 200 Conn. 697,708 (1986).
There is a specific administrative method for obtaining information concerning the activities of the State and its various agencies and facilities, namely, the procedures set forth in the Freedom of Information Act, General Statute § 1-18a et seq. The applicant has identified no reason why the procedures provided in that statute for discovery of public documents and information are inadequate or inapplicable. In view of this specific statutory method for obtaining information from the State, and in the absence CT Page 4800 of any claim of inadequacy, this court finds that the additional procedure specified in General Statutes § 52-156a is not available as a method to obtain information from a state employee acting in the course of his employment.
The motion to dismiss is granted.
Beverly J. Hodgson Judge of the Superior Court