[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff has alleged the following facts. The plaintiff, March Trading, Inc., entered into a written agreement with the defendant, Michael Sloan. The agreement provided that the defendant was to pledge a 20 percent interest in Concorde Group International, L.L.C., a Connecticut limited liability company, as partial security for a promissory note. The agreement also provided that the defendant was to endorse the certificate evidencing the membership interest in the company with the following legend: "The Membership Interests represented by this Certificate have been pledged to and are held by March Trading, Inc. pursuant to a Pledge Agreement dated October 1, 1997." Subsequently, the plaintiff asked the defendant to provide the plaintiff with proof of the endorsement. The defendant refused to furnish the defendant with such proof.
The plaintiff brought this present action, styled as a "complaint" but in the nature of a bill of discovery, seeking sworn copies of the membership certificate giving notice of the pledge. In the event that the defendant does not provide the copies, the plaintiff asks that the court order the defendant to give the information under oath before a committee appointed by the court. The defendant moves to strike the complaint for failure to state a claim upon which relief can be granted. Specifically, the defendant argues that the plaintiff lacked the necessary good faith and probable cause to commence an action in either tort or contract, and therefore did not state the requirements necessary for obtaining a bill of discovery.
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than one in which discovery is sought . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries . . . The bill is well recognized and may be entertained notwithstanding the statutes and rule of court relative to discovery . . . Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well founded objection against the exercise of the CT Page 12054 court's discretion . . .
"To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought . . .
 * * *
"The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action . . . Its existence or nonexistence is determined by the court on the facts found . . . Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he need only set forth facts that fairly indicate that he has some potential cause of action." Nestor v. TravelersIndemnity Co., 41 Conn. App. 625, 629-30, 677 A.2d 475 (1996), cert. denied, 239 Conn. 903, 682 A.2d 1004, quoting Berger v.Cuomo, 230 Conn. 1, 5-8, 644 A.2d 333 (1994)
The defendant argues that the plaintiff has failed to state with specificity the cause of action that the plaintiff intends to pursue, and therefore the court is unable to determine whether the material sought is reasonable or necessary. It is true that the plaintiff does not specifically state the facts upon which a cause of action would arise. The plaintiff merely describes its potential action as a "breach of contract" action. However, this is sufficient to sustain a claim for a bill of discovery.
The court in Berger v. Cuomo, supra, 230 Conn. 1, recognized that "there is a distinction between a would-be plaintiff having to demonstrate the need for the information to determine whether a particular cause of action is worthy of being pursued and a plaintiff having to prove definitively that he has a cause of action and that he will probably prevail ultimately at the trial on the merits." Id., 9. To be entitled to a bill of discovery, the plaintiff must only show that he has a good-faith reasonable belief that he has a potential cause of action. See id., 8.
Here, the plaintiff has asked the defendant to provide some proof of his compliance with the agreement. Without the required CT Page 12055 endorsement, the defendant could potentially sell the certificate to a third party, in breach of the agreement. Accordingly, the plaintiff has stated a sufficient probability of a potential cause of action to be entitled to a bill of discovery.
The defendant next argues that there is no reason why the plaintiff cannot immediately commence suit and proceed with discovery in the usual manner. The defendant asserts that the plaintiff has not demonstrated the circumstances necessary to warrant this intrusion on the defendant. The defendant citesSmith v. Hartford Firefighters, Local 760, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 565304 (March 14, 1997, Aurigemma, J.). The court in Smith citedIn Re Petition of Christensen, 25 Conn. Sup. 271, 202 A.2d 834
(1964) for the proposition upon which the defendant re-lies. InChristensen, the court denied a bill of discovery to take a deposition prior to trial because the plaintiff could have commenced suit prior to the deposition. See id., 274. "The deposition being taken before suit and before the issues are framed, it would be impossible to determine questions of relevancy or materiality." Id.
Here, unlike in Christensen, there is no question that the evidence sought by the plaintiff would be relevant to a breach of contract action. The contract requires that the defendant endorse the note, and the plaintiff only seeks proof of this endorsement. The plaintiff has not abused the process by a broad "fishing expedition," but has only submitted a narrow request for a single piece of information. Accordingly, the plaintiff is not required to commence suit prior to the discovery of evidence of the endorsement of the certificate.
For the foregoing reasons, the defendant's motion is denied.
NADEAU, J.