[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON STATE DEFENDANTS' MOTION TO DISMISS (#403) AND (#1O4)
I. Factual and Procedural Background
CT Page 3051
The applicant, Brent M. Stratton, filed a bill of discovery on November 10, 1999, against the State of Connecticut; the State of Connecticut, Department of Revenue Services; and the Department of Revenue Services state employees, Robert Curtis, Paul Rouher, Thomas Crafa, and Paul Greenfield[1] claiming that the defendants have material and necessary information relating to his employment, necessary in order for him to establish a potential cause of action against the defendants for constitutional and common law claims, including but not limited to, violations of 42 U.S.C. § 1983 and wrongful discharge in violation of public policy.
The relevant facts as stated in the bill of discovery are as follows: From about 1983 to on or about July 17, 1997, Stratton was employed by the State of Connecticut, Department of Revenue Services, as a revenue examiner. During his employment, Stratton was a member of the Administrative and Residual Employee's Union ("the Union"). On or about July 17, 1997, Stratton was terminated from his employment based on his conduct and actions during an audit review. Subsequently, Stratton filed a grievance dated July 28, 1997, pursuant to the collective bargaining agreement between the State of Connecticut and the Union claiming that his dismissal was not for just cause. On or about June 8, 1998, Stratton entered into a stipulated agreement which resulted in the withdrawal of his grievance in exchange for his resignation and certain monetary compensation.
On November 19, 1999, Stratton filed a bill of discovery requesting allegedly material and necessary information relating to his employment with the Department of Revenue Services claiming that he has a potential cause of action against the defendants that will be supported by this information. He also claims that he has no adequate remedy at law for obtaining this information. The defendants filed motions to dismiss,[2] and supporting memorandums, arguing that the court lacks subject-matter jurisdiction. In response, Stratton filed a memorandum of law in opposition. The State of Connecticut and Curtis filed a reply.
For the reasons discussed below, the defendants' motions to dismiss are granted.
II. Standard of Review
"A motion to dismiss tests, inter alia, whether, on the face of CT Page 3052 the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." Practice Book § 10-31. "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Doe v. Roe,246 Conn. 652, 661, 717 A.2d 706 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1997).
III. Discussion
The only issue before this court is whether it has subject-matter jurisdiction to hear and determine Stratton's pre-complaint bill of discovery in which he requests records and/or documents held by the defendants and an order requiring the defendant state employees to submit to depositions. The defendants filed motions to dismiss arguing that the court lacks subject-matter jurisdiction.[3] Specifically, they argue that Stratton has an available remedy at law which bars the equitable writ. They argue that the Freedom of Information Act ("FOIA"), General Statutes § 1-18a, et seq. (now § 1-200, et seq.) provides a specific administrative method, at law, for obtaining the information requested.
In response, Stratton argues that he has no adequate remedy at law and the information sought is both material and necessary for his establishing a potential cause of action against the defendants. He argues that there is probable cause to bring a potential cause of action, and a good faith belief that the information sought is both material and necessary to the potential cause of action.
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. The bill is well recognized and may be entertained notwithstanding the statutes and rules of court relative to discovery. Furthermore, because a pure bill of discovery is CT Page 3053 favored in equity, it should be granted unless there is some well rounded objection against the exercise of the court's discretion." (Citations omitted.) Berger v. Cuomo, 230 Conn. 1,5-6, 644 A.2d 333 (1994). See also Pottetti v. Clifford,146 Conn. 252, 257, 150 A.2d 207 (1959); Peyton v. Werhane,126 Conn. 382, 389, 11 A.2d 800 (1940).
Sustaining of a bill of discovery is a two step process: "To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, [t]he availability of other remedies . . . for obtaining information [does] not require the denial of the equitable relief . . . sought." (Citations omitted; internal quotation marks omitted.) Berger yv. Cuomo, supra,230 Conn. 6.
"Discovery is confined to facts material to the plaintiffs cause of action and does not afford an open invitation to delve into the defendant's affairs. A plaintiff must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action." (Citations omitted.) Berger v. Cuomo, supra, 230 Conn. 6-7. "Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action. . . . Its existence or nonexistence is determined by the court on the facts found." (Internal quotation marks omitted.) Berger v. Cuomo, supra, 230 Conn. 7. "Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he need only set forth facts that fairly indicate that he has some potential cause of action." Id. at 7-8.
Stratton states facts sufficient to establish probable cause to bring a potential cause of action, and a good faith belief that the information sought is both material and necessary to the potential cause of action. He states facts relating to his employment with the State of Connecticut, Department of Revenue Services, as a revenue examiner, and his termination therefrom. He also states that during this time, Curtis, Rouher, Crafa, and Greenfield, were Department of Revenue Services' state employees. CT Page 3054 He states that he filed a grievance upon his termination. He requests records and/or documents held by these defendants and an order for depositions. He states that the requested information is both material and necessary because it will assist him in determining whether he has constitutional and common-law claims against the defendants, including but not limited to, violations of 42 U.S.C. § 1983 and wrongful discharge in violation of public policy.
Notwithstanding the fact the court finds that Stratton has established probable cause to bring a potential cause of action, and a good faith belief that the information sought is both material and necessary to a potential cause of action, Stratton must also show that he has no other adequate means of enforcing discovery of the desired material. Berger v. Cuomo, supra,230 Conn. 6. "The general rule of equity applies that the relief available at law must be inadequate." Pottetti v. Clifford, supra, 146 Conn. 262. "An adequate remedy at law is one which is specific and adapted to securing the relief sought conveniently, effectively and completely." Id.
The court in Dempsey v. Haggerty considered this issue. Dempseyv. Haggerty, Superior Court, judicial district of New Haven at New Haven, Docket No. 367006 (May 11, 1995, Hodgson, J.) (14 Conn. L. Rptr. 309). It discussed the procedure for discovering information, via a bill of discovery, for the purpose of investigating the existence of a potential claim prior to filing suit. Id. The court recognized "that where the statutes provide a specific administrative method of resolution of a request for relief involving the State, such an administrative scheme should be followed, and claims invoking other procedures should be dismissed." Id. The court stated that "[t]here is a specific administrative method for obtaining information concerning the activities of the State and its various agencies and facilities, namely, the procedures set forth in the Freedom of Information Act, General Statute § 1-18a et seq. The applicant has identified no reason why the procedures provided in that statute for discovery of public documents and information are inadequate or inapplicable." Id.
Stratton has an adequate remedy at law which bars the bill of discovery, the FOIA. Stratton requests records and/or documents held by the defendants pertaining to his employment with the State of Connecticut as a revenue examiner, and his termination therefrom. He has identified no reasons why the procedures CT Page 3055 provided by the FOIA for obtaining information concerning the activities of the State of Connecticut and its employees are inadequate or inapplicable.[4] The FOIA provides a specific administrative method for obtaining records of public agencies and is the most convenient, effective and complete remedy available to Stratton. In light of this specific statutory method for obtaining information, and in the absence of any viable claim by Stratton of inadequacy or inapplicability, the bill of discovery is not available as a method to obtain the information sought here.
Stratton also requests an order by the court requiring the individual defendant state employees to submit to depositions pursuant to General Statutes § 52-156a.[5] Again, Stratton has an adequate remedy at law, the FOIA. Like here, in Dempseyv. Haggerty, the applicant was seeking to take a deposition via a bill of discovery. Dempsey v. Haggerty, supra, Superior Court, Docket No. 367006. The Dempsey court held that "[i]n view of this specific statutory method for obtaining information from the State, [the FOIA] and in the absence of any claim of inadequacy, this court finds that the additional procedure specified in General Statutes § 52-156a is not available as a method to obtain information from a state employee acting in the course of his employment." Id. Here, like in Dempsey, Stratton fails to make any claim that the FOIA will provide inadequate information for the purpose of establishing the existence of a potential claim against the defendants. Id.
In addition, the court recognizes that it should be cautious when a bill of discovery requests an order to submit to depositions prior to the filing of suit. In In Re Petition ofChristensen, 25 Conn. Sup. 271, 274, 202 A.2d 834 (1964), the court denied a bill of discovery to take a deposition prior to the filing of suit. The Christensen court stated that "the procedure amounts, in substance, to discovery before suit. It is a use which should not be permitted to be abused by broad fishing expeditions to enable a party to ascertain whether or not he has a cause of action or to assist him in framing a complaint. It should be carefully limited to situations . . . where the ends of justice clearly require its use." Id.
The Christensen court also stated that "[t]here appears no reason why the petitioner cannot immediately commence suit on whatever cause of action he claims and therein proceed in the usual manner. He has demonstrated no unusual circumstance which, CT Page 3056 in view of the objections of the respondent, justifies the extraordinary order which he seeks. To grant such a petition as this would open the door to an unlimited process of permitting depositions before suit for the purpose of determining whether a cause of action does exist and even developing a cause of action. The deposition being taken before suit and before issues are framed, it would be impossible to determine questions of relevancy or materiality." In Re Petition of Christensen, supra,25 Conn. Sup. 274.
Here, Stratton makes no claim that the FOIA will provide inadequate information. Neither does he demonstrate unusual circumstance that would justify his request, or show that the deposition requests are necessary because "justice clearly require its use." Therefore, there is no reason for the court to order the defendant state employees to submit to depositions prior to the filing of suit.
IV. Conclusion
For the foregoing reasons, the court grants the defendants' motions to dismiss.
It is so ordered.