[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTION TO STRIKE BILL OF DISCOVERY
On September 5, 2000, the petitioner, Journal Publishing Co., Inc., filed a petition entitled, "Petition to Perpetuate Testimony, Conduct Depositions and to Order Production of Documents" (bill of discovery), against the respondent, the Hartford Courant Company, in order to perpetuate the taking of a deposition of an employee of the respondent and to compel the production of certain documents within the control and possession of the respondent.
The petitioner operates and publishes "The Journal Inquirer," a CT Page 14388 Connecticut newspaper that is published six days a week. The respondent publishes a Connecticut newspaper, "The Hartford Courant," which is published seven days a week.
The petitioner alleges that both it and the respondent print comic strips from several of the same national syndicators in their daily newspapers. The petitioner, who does not publish its newspaper on Sundays, wishes to acquire the Sunday comic strips. The petitioner alleges that the respondent receives the Sunday comic strips and that the petitioner was advised informally by one or more of the national syndicators that "there exist contractual provisions between the [r]espondent and the syndicators as to the Sunday comics, which provisions prohibit the distribution of said Sunday comics to other newspapers in the geographical area served by the [r]espondent newspaper." (Petition, ¶ 9.) The petitioner alleges that these contracts also prohibit the national syndicators from distributing the Sunday comics to other newspapers in the same geographical area as the respondent on Saturdays.
The bill of discovery alleges that the agreement between the respondent and one or more of the national syndicators is an agreement in restraint of trade or commerce and that these anticompetitive market restraints, either maintained or sponsored by the respondent, have been imposed on the distribution of the Sunday comics. The petitioner alleges that these restraints are unreasonable and interfere with free trade and commerce, limit the petitioner's ability to secure the Sunday comics and compete with the respondent and that they, therefore, violate certain antitrust laws, namely, General Statutes §§ 35-26,[1] 35-28 (b)[2] and 35-28
(d).[3] The petitioner further contends that these alleged restraints also constitute an unfair act or practice in the trade or commerce of selling or distributing newspapers and therefore violate the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b.[4]
The petitioner alleges that it has probable cause to bring an action against the respondent pursuant to §§ 35-26, 35-28 (b), 35-28 (d) and42-110b. The petitioner asserts that it expects to be a party in such an action alleging restraint of trade and CUTPA violations. See General Statutes §§ 35-33,[5] 35-34,[6] 35-35[7] 35-44[8] and42-110g.[9] The petitioner contends that it is unable to bring such action until it is given an opportunity to review the contractual provisions, which it believes restrict the national syndicators' distribution of the Sunday comics. The petitioner alleges that the respondent will be an adverse party to any such action brought.
The petitioner asserts that it attempted to receive copies of the contractual provisions from one or more of the national syndicators and CT Page 14389 the respondent but that it has not received satisfactory responses therefrom. Furthermore, the petitioner maintains that it has no independent ability or other adequate means to procure the information.
The petitioner filed this bill of discovery seeking to examine and copy all documents between the respondent and the national syndicators relating to the distribution of the Sunday comics, including any limitations or restrictions that pertain to the use or distribution of the Sunday comics by the national syndicators to other newspapers. The petitioner also seeks to depose a representative of the respondent, either the publisher or his designee who has knowledge of the contractual provisions in issue, as to the facts concerning its relationship with the national syndicators. In particular, the petitioner seeks information about the contractual arrangement between the national syndicators and the respondent and whether their relationship restricts the petitioner's ability to obtain the Sunday comics. The petitioner alleges that the respondent's testimony and the production of documents may prevent a failure or delay of justice and contends that denying its bill of discovery would prevent the petitioner from bringing an action that it would otherwise be entitled to bring.
On October 13, 2000, the respondent filed a motion to strike the petitioner's bill of discovery on the ground that it is legally insufficient. The respondent argues that the petition fails to allege facts necessary to establish that probable cause exists for a viable cause of action, fails to demonstrate that more than a suspicion of a claim exists, fails to set forth a need for the discovery that cannot await the filing of a lawsuit, fails to demonstrate that the data sought could not be obtained by other means, fails to identify a specific individual to be deposed as required by law and fails to seek specific, targeted and narrowly tailored discovery.
As required by Practice Book § 10-42, the respondent filed a memorandum in support of its motion to strike, and the petitioner filed a timely memorandum in opposition. The respondent also filed a supplemental memorandum in support of its motion to strike.
 STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [bill of discovery] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269,270, 709 A.2d 558 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [bill of discovery], construed in favor of the plaintiffs, to determine whether the [pleading party has] CT Page 14390 stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the [bill of discovery]." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825,676 A.2d 357 (1996). "The court must construe the facts in the [bill of discovery] most favorably to the [petitioner]." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). "[I]f facts provable in the [bill of discovery] would support a cause of action, the motion to strike must be denied."Lombard v. Edward J. Peters, Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630
(2000).
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. . . . As a power to enforce discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. . . . The bill is well recognized and may be entertained notwithstanding the statutes and rules of court relative to discovery. . . . Furthermore, because a purebill of discovery is favored in equity, it should be granted unless thereis some well founded objection against the exercise of the court'sdiscretion." (Citations omitted.) Berger v. Cuomo, 230 Conn. 1, 5-6,644 A.2d 333 (1994). "In passing upon the bill [of discovery], the courtexercises a discretionary power within recognized limits." Pottetti v.Clifford, 146 Conn. 252, 259, 159 A.2d 207 (1959) (emphasis added).
 FINDINGS
The respondent argues that the petitioner's allegations that the respondent has violated Connecticut's restraint of trade laws and the Connecticut Unfair Trade Practices Act (CUTPA) fails to establish probable cause that a viable cause of action exists. The respondent argues that exclusive agreements are valid and commonplace in the newspaper industry and cites the State Attorney General's refusal to further investigate the relationship between the respondent and the national syndicators as evidence that there is no restraint of trade violation. The respondent argues separately that the bill of discovery contains only tentative and subjective allegations and that it must be stricken for failing to show that more than a suspicion of a claim exists.
"The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action. . . . Its existence or nonexistence is determined by CT Page 14391 the court on the facts found. . . . Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he need only set forth facts that fairly indicate that he has some potential cause of action." (Citations omitted; internal quotation marks omitted.)Berger v. Cuomo, supra, 230 Conn. 7-8.
The petitioner has sufficiently alleged that it has probable cause to believe that the respondent has entered into a contract or several contracts which will restrain trade or commerce and that they violate the restraint of trade laws and CUTPA.[10] The petitioner has sufficiently shown that it has suffered some "describable sense of wrong" and has set forth facts sufficient to fairly indicate a potential cause of action.Berger v. Cuomo, supra, 230 Conn. 7. The respondent's argument that the petitioner has not sufficiently alleged probable cause is without merit. By showing that it has probable cause, the petitioner has shown, afortiori, that more than a suspicion of a claim exists. Thus, the respondent's separate argument that the petitioner has not shown that more than a suspicion of a claim exists also fails.
The respondent argues further that the bill of discovery must be stricken because it fails to demonstrate adequately why the petitioner cannot commence a conventional lawsuit, wherein the petitioner could proceed with discovery. The respondent argues that since the petitioner knows that the contract provisions exist, it should commence such a suit immediately and proceed with discovery in the ordinary manner.
"To sustain the bill [of discovery], the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. . . . Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, [t]he availability of other remedies . . . for obtaining information [does] not require the denial of the equitable relief . . . sought. . . . This is because a remedy is adequate only if it is one which is specific and adapted to securing the relief sought conveniently, effectively and completely. . . . The remedy is designed to give facility to proof." (Citations omitted; emphasis added; internal quotation marks omitted.) Berger v. Cuomo, supra, 230 Conn. 6.
The petitioner filed the bill of discovery pursuant to General Statutes § 52-156a,[11] which governs bills of discovery and permits depositions to perpetuate testimony before a formal lawsuit. Section52-156a contains five requirements that must be satisfied in order for petitioners to have the ability to conduct depositions or request the CT Page 14392 production of potential documents or evidence.
The petitioner has satisfied the five requirements set forth in §52-156a. The petitioner has alleged that it expects to be a party in an action pursuant to §§ 35-26, 35-28 (b), 35-28 (d) and 42-110b, and has explained the subject matter of the proposed action and its interest therein, which is an action cognizable in the Superior Court. The petitioner has also explained sufficiently that it is "unable to bring such action until [it] has had an opportunity to review the alleged contractual provisions that prohibit or otherwise restrict the distribution of Sunday comics to it." (Petition, ¶ 20.) The petitioner argues that although it knows that these contract provisions exist, it "is unaware of the exact nature and extent of such provisions since [it] has not been permitted access. . . ." (Petitioner's Memorandum, p. 18.) Also, see Petition ¶ 9, 10 and 11. In addition, the petitioner expects to name the respondent as an adverse party and seeks to depose a representative of the respondent, such as the publisher or a designee, who knows of the contractual provisions in question. The petitioner would like to question that person regarding his or her knowledge of the contract between the respondent and the national syndicators.[12] Ethically petitioner needs this testimony and to review the contents of the contracts to be sure that it does not file a groundless law suit.
The Court is not persuaded by respondent's argument that the petitioner has failed to set forth a need for discovery prior to filing an action.
In addition, the respondent argues that the bill of discovery must be stricken because the petitioner fails to name a specific person to be deposed as required by § 52-156a (a)(1)(E). The petitioner complied with § 52-156a (a)(1)(E) by requesting to "conduct a deposition of a representative of the [r]espondent's newspaper (i.e., the publisher of The Hartford Courant or his designee who has knowledge of said contractual relationships) regarding the same and the reasons underlying any contractual restriction or prohibition pertaining to the distribution of said Sunday comics." (Petition, ¶ 22.) This sufficiently identifies an agent of the corporate respondent to be deposed.
The respondent also argues that the bill of discovery must be stricken because the petitioner fails to demonstrate that there is no alternative means by which it may acquire the desired information. The respondent argues that the petitioner gained knowledge of the contractual provisions and that that knowledge is sufficient for a legal action.
"The remedy of discovery is not limited to situations where the petitioner would be destitute of proof without a discovery of the evidence CT Page 14393 he is seeking. It is available also when the evidence he seeks is in aid of proof he may already have or be able to produce by other means."Pottetti v. Clifford, supra, 146 Conn. 262; see also Berger v. Cuomo, supra, 230 Conn. 6 ("[t]he availability of other remedies . . . for obtaining information [does] not require the denial of the equitable relief . . . sought").
Although the petitioner is aware that contracts exist between the respondent and one or more national syndicators, which may restrain trade in violation of state law, there is no allegation that the petitioner actually has the contracts or knowledge of the specific provisions that may render the contracts improperly restrictive. The petitioner has alleged that it requested the contracts numerous times and that the respondent has summarily rejected these requests. The respondent's argument that the petition fails to demonstrate that the information could not be obtained through other means is without merit.
Finally, the respondent argues that the bill of discovery must be stricken because it is facially overbroad. The respondent argues that the petitioner is attempting to engage in a "fishing expedition." (Respondent's Memorandum, p. 24.)
In a bill of discovery, the petitioner "should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to [his] case." (Internal quotation marks omitted.)Berger v. Cuomo, supra, 230 Conn. 7. The petitioner has alleged specific, targeted and narrowly tailored discovery. The petitioner seeks to depose a representative of the respondent regarding the existence and substance of alleged contracts that may restrict the national comic syndicators' ability to sell, transfer or distribute the Sunday comics to the petitioner. The petitioner requests this court to "issue an order allowing the [p]etitioner to conduct a deposition of the [r]espondent as to facts concerning its relationship with the said national syndicators in regard to the distribution of said Sunday comics by said national syndicators to other newspapers and in regard to the distribution of said Sunday comics on Saturday, and that [r]espondent be required to produce for inspection and copying, at [p]etitioner's expense, all documents evidencing such relationships." (Petition, ¶ 25.) The petitioner also requests "limited discovery by way of production of documents relating to the distribution of the Sunday comics as provided by the national syndicators to the [r]espondent, including any limitations or restrictions that pertain to the use or distribution of said Sunday comics by said national syndicators to other newspapers." (Petition, ¶ 25.) CT Page 14394
The remedy sought by the petitioner does not qualify as a fishing expedition and is specific, targeted and narrowly tailored to the discovery of contractual information that may violate state law.
The respondent's motion to strike dated September 22, 2000 is denied.
Rittenband, J.