CAPITOL CITY PERSONNEL SERVICES, INC. *v.*
HARRIET FRANKLIN ET AL.
(AC 16998)

---

Foti, Landau and Dupont, Js.

Argued January 21—officially released April 20, 1999

*Wesley S. Spears*, for the appellants (defendants).

*Louis W. Flynn, Jr.*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. The plaintiff, a Connecticut corporation, obtained a judgment against the defendants for tortious interference with a business relationship, breach of fiduciary duties and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., from which the defendants appeal. We affirm the judgment of the trial court.

The plaintiff's business consists of the placement of health care personnel with health care facilities and

with individual clients. The individual defendant, Harriet Franklin, was employed by the plaintiff as a coordinator of health care services. The corporate defendant, Superlative Home Care, Inc., is a Connecticut corporation formed and controlled by Franklin. The individual defendant, in a counterclaim, alleged claims for defamation, violations of CUTPA and vexatious litigation.

The case was tried to the court, which found the facts that follow. Franklin, while employed by the plaintiff, arranged for the care of ill and elderly clients by health care personnel. As staffing director, she assigned aides to clients as needed. While in the plaintiff's employ, Franklin secretly formed the defendant corporation, Superlative Home Care, Inc. Franklin worked in the business office of the plaintiff, received weekly compensation and had contact with the payors of home care personnel. She was the only employee who sent out service agreements and placed nurse's aides with clients of the plaintiff.

In her capacity as staffing director for the plaintiff, Franklin had supplied nurse's aides for Marion Lewis, an elderly client of the plaintiff. Franklin successfully solicited the trust department of the Hartford National Bank and Trust Company, which administered Lewis' affairs, to retain her new corporation to supply nurse's aides to Lewis. Franklin also successfully solicited two nurse's aides who had been employed by the plaintiff to assist in the care of Lewis as employees of the defendant corporation. She recruited other nurse's aides from the plaintiff as well.

Franklin's actions caused the plaintiff to lose the lucrative business of caring for Lewis, which provided gross income of approximately $234,000. The trial court found $55,000 to be a reasonable estimate of the plaintiff's loss. The trial court established the same amount of damages for all three causes of action alleged by the

plaintiff in its complaint and rendered judgment for all three in the total amount of $55,000, together with reasonable attorney's fees and costs as to the plaintiff's CUTPA cause of action. In a supplemental judgment, the trial court awarded attorney's fees of $21,293 and set costs of $972.82. The trial court rendered judgment for the plaintiff on the individual defendant's counterclaim because "there was no credible evidence introduced to substantiate any of the three counts in the counterclaim."

The individual defendant does not attack the judgment for the plaintiff on her counterclaim, nor do either of the defendants claim that the trial court improperly found them to be liable on the three counts of the plaintiff's complaint. The only issues raised by the defendants on appeal are whether (1) the amount of the trial court's award of damages was supported by the evidence and (2) the attorney's fees for the plaintiff were properly found.[1]

The defendants claim that the plaintiff did not prove its damages with reasonable certainty and that the plaintiff did not prove its damages for the CUTPA violations. We disagree.

The principal owner of the plaintiff corporation, Joanne Smith, testified about the billings of the Lewis account and the promptness with which those billings were paid. The defendants' billing records showed gross billings of $237,240 during the period the defendants

---

[1] The defendants' second claim does not concern the reasonableness of the attorney's fees, but, rather, that no evidentiary hearing as to the fees was held. That claim may be disposed of summarily because it has no basis given the facts of this case. The trial court gave the defendants' counsel two weeks from the time the plaintiff's attorney furnished time sheets and a fee schedule to the court and to the defendants to comment on them and stated that the court would "hold a hearing if necessary." The defendants did not oppose the amounts, comment on the time sheets or seek the hearing the trial court had indicated it would hold.

had supplied nurse's aides to Lewis. A net profit of $55,952, as calculated by Smith, was based on deducting a sales tax of 6 percent, amounting to $13,428, and applying a 25 percent rate to the balance. The trial court found that the amount of damages awarded was a "fair and reasonable estimate of compensatory damages under the circumstances based upon actual experience . . . ." The transcript indicates that the Lewis billings equaled about $3000 per week and that the common practice in the industry was to mark up accounts 55 to 60 percent and that the industry standard net profit was 25 percent. Thus, the damages awarded by the trial court were based on the evidence. The defendants claim, however, that damages could not be established by industry standards but only by the actual profit lost by the plaintiff.

The testimony of the plaintiff's principal shareholder was that the 25 percent calculation was accurate as to 1991, 1992 and 1993 "in the business here in Hartford," and that on private duty aides, "we did a little bit better than that." Thus, there was evidence of both the industry standard net profit and this particular plaintiff's net profit. We conclude that the plaintiff established the compensatory damages of $55,000 with reasonable certainty. *Griffin* v. *Nationwide Moving & Storage Co.*, 187 Conn. 405, 423, 446 A.2d 799 (1982). The trial court's determination of damages was a question of fact that should not be disturbed unless it is unsupported by the evidence. *Beckman* v. *Jalich Homes, Inc.*, 190 Conn. 299, 309–10, 460 A.2d 488 (1983); see also *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 28, 664 A.2d 719 (1995).

The defendants also claim that the plaintiff did not prove damages for its CUTPA claims. This claim is based on the same argument that the defendants make in arguing that damages for the other counts were not

supported by the evidence. The same previously cited testimony rebuts this claim as well.

The judgment is affirmed.

In this opinion the other judges concurred.