This is a case of first impression. The matter is before the court on a "Petition to Perpetuate Testimony, Conduct Depositions and to Order Production of Documents Before Action," dated September 5, 2000, sounding in a bill of discovery under General Statutes § 52-156a and Practice Book § 13-18. It was filed by the plaintiff, Journal Publishing Company, Inc., and seeks a court order requiring the defendant, The Hartford Courant Company, to disclose certain contracts.
The court makes the following findings of fact. Both the plaintiff and the defendant have entered into agreements with cartoon syndicators, which license them to publish certain cartoons. Under the terms of their respective contracts, the plaintiff and the defendant were both precluded from publishing a cartoon *Page 145 
prior to its publication date. At some point, the defendant began publishing its Sunday edition on Saturday afternoon and amended its contract with the syndicators so that it could publish Sunday comic strips on Saturday, prior to their publication date. Under the terms of that amended agreement, the syndicators agreed not to permit the plaintiff to publish the Sunday comic strips on Saturday. Both a syndicator and the defendant have acknowledged to the plaintiff the existence of such a preclusive contractual provision.
A bill of discovery is an independent equitable action designed to obtain evidence or use in an action other than the one in which it is filed. Berger v. Cuomo, 230 Conn. 1, 5-6, 644 A.2d 333 (1994). In order for relief to be granted, the plaintiff must establish four prerequisites. The plaintiff must establish that first, the material sought is necessary or helpful to prove claims in a suit that has been filed or is about to be filed; second, the plaintiff has no other adequate means of discovering the information; third, there is a good faith basis to conclude that the information sought is material and necessary and; fourth, there are detailed facts establishing probable cause to bring such potential action. Id., 6-7. The plaintiff must have more than a mere suspicion. Id., 7.
The information the plaintiff seeks is the only evidence of and means of discovering the exact nature of the defendant's conduct. Unless the plaintiff knows what the provision states, it will be unable to ascertain whether the defendant has acted in a way that violates the laws of the state. The court finds that the plaintiff has established that the material sought is necessary or helpful to prove claims in a suit to be filed.
The plaintiff sought copies or a description of the preclusive contractual provisions from both the syndicators and the defendant to no avail and, therefore, has no alternative means of obtaining the information other than by a court order. *Page 146 
Assuming the statements of the syndicators and the defendant are true and the inferences drawn therefrom are true, there is a good faith basis to conclude that the information sought is material and necessary for the plaintiff to determine whether it believes the defendant has violated the law.
The plaintiff presented detailed facts establishing probable cause to believe that it has a cause of action against the defendant on one or more of the bases stated in its motion. The probable cause standard is a relatively low standard. "[P]robable cause `comprises such facts as would reasonably persuade an impartial and reasonable mind'" to believe that what is claimed is true. Olson v. Accessory Controls Equipment Corp.,254 Conn. 145, 179, 757 A.2d 14 (2000), quoting State v. Eady,249 Conn. 431, 440, 733 A.2d 112, cert. denied, 528 U.S. 1030,120 S. Ct. 551, 145 L. Ed. 2d 428 (1999). The plaintiff asserts that the defendant's conduct may violate its rights in one or more of the three ways: first, as a tortious interference with its contractual rights under its contracts with the syndicators; second, that it violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a
et seq.; and third, that it violated the Connecticut Antitrust Act, General Statutes § 35-24 et seq.
Connecticut has long recognized a cause of action for interference with contractual relationship or financial expectation. Bulkley v. Storer, 2 Day (Conn.) 531, 537 (1807). That cause of action remains viable today.Capitol City Personnel Services, Inc. v. Franklin, 52 Conn. App. 783,785, 727 A.2d 1284 (1999). Based on the facts introduced by the plaintiff, the court finds a reasonable basis to believe that the defendant modified its contract with the syndicators with the intention of limiting the plaintiff's contractual rights. Thus, the court finds probable cause to believe that the plaintiff may have a cause *Page 147 
of action against the defendant. R an W Hat Shop, Inc. v. Sculley,98 Conn. 1, 14, 118 A. 55 (1922).
Based on the facts adduced, the court finds that there is reason to believe that the defendant violated CUTPA by engaging in unscrupulous or oppressive acts, causing a substantial injury to the readers of the plaintiff's publication and to the plaintiff. Cheshire Mortgage Service,Inc. v. Monies, 223 Conn. 80, 108-15, 612 A.2d 1130 (1992).
Finally, the court finds reasonable basis to conclude that the defendant persuaded the syndicators to refuse to deal with the plaintiff in violation of the Connecticut Antitrust Act.
The plaintiff does not have to state the claim which it seeks to assert "with technical precision," but only to state facts which tend to support a cause of action. Berger v. Cuomo, supra, 230 Conn. 8; see also Pottettiv. Clifford, 146 Conn. 252, 259, 150 A.2d 207 (1959). The defendant's argument that there is no basis for an antitrust claim, therefore, is not dispositive.
The defendant in its January 12, 2001 "Memorandum of Law Concerning Evidentiary Hearing" calls the court's attention to judges' "increasingly active role in weeding out at the pleading stage antitrust claims that are fundamentally flawed." That argument begs the point. In essence, the defendant argues that the court should deny the bill of discovery in the interest of judiciary efficiency. Quite the contrary, the purpose of the bill of discovery is to promote judicial efficiency by enabling a potential plaintiff to determine whether it indeed has a cause of action. By granting the bill of discovery, the court can better ensure that a fundamentally flawed lawsuit is not filed. In fact, our Supreme Court has held that a "bill of discovery is favored in equity, [and] it should be granted unless there is some well founded objection against the exercise of the *Page 148 
court's discretion." Berger v. Cuomo, supra, 230 Conn. 6; see alsoPottetti v. Clifford, supra, 146 Conn. 257. The defendant's objection begs the question and, therefore, is insufficient to warrant a denial of the motion.
The court orders the defendant to disclose to the plaintiff that portion or portions of any and all contracts and other agreements with any and all syndicators with which both the plaintiff and the defendant contract for the publication of comic strips which entitle the defendant to publish the Sunday comic strips on Saturday and prevent the plaintiff from doing the same.