[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Eva Osiecki is the administrator of the estate of Janusz Osiecki. The defendant, Bridgeport Health Care Center, is a chronic convalescent nursing home. The plaintiff's decedent was a patient at the defendant's facility from November 9, 2000 until December 1, 2000, when he died. The decedent suffered from guillain barre syndrome, which caused him to be partially paralyzed, leaving him with limited movement of his upper extremities and the inability to eat or breathe without insertion of special tubes.
The plaintiff has brought this complaint for bill of discovery requesting the the defendant provide her with certain information.[1]
Although the complaint requests that the defendant provide, inter alia, the names and addresses of the medical staff and the complete nursing staff, nursing personnel and nurse's aide personnel, at oral argument counsel for the plaintiff clarified that he was seeking the number of registered nurses, nurses aides and licensed practical nurses, rather than their names. The plaintiff is also seeking a listing of any communication device which was available to the decedent with which he could call for help in case of emergency. Lastly the plaintiff seeks reports of any reportable events which pertain to the decedent while he was a patient at the defendant's facility.[2]
"The bill of discovery is an independent action in equity for discovery, and is designed to obtain evidence for use in an action other than the one in which discovery is sought. As a power to enforce CT Page 8147 discovery, the bill is within the inherent power of a court of equity that has been a procedural tool in use for centuries. The bill is well recognized and may be entertained notwithstanding the statutes and rules of court relative to discovery. Furthermore, because a pure bill of discovery is favored in equity, it should be granted unless there is some well rounded objection against the exercise of the court's discretion." (Citations omitted; internal quotation marks omitted.) Berger v. Cuomo,230 Conn. 1, 5-6, 644 A.2d 333 (1994); Nestor v. Travelers IndemnityCompany, 41 Conn. App. 625, 629, 677 A.2d 475, cert. denied, 239 Conn. 903,682 A.2d 1004 (1996).
"To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, the availability of other remedies . . . for obtaining information [does] not require the denial of the equitable relief . . . sought. This is because a remedy is adequate only if it is one which is specific and adapted to securing the relief sought conveniently, effectively and completely. The remedy is designed to give facility to proof." Id., 6.
"Discovery is confined to facts material to the plaintiffs cause of action and does not afford an open invitation to delve into the defendant's affairs. A plaintiff must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action. A plaintiff should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to his case. What is reasonably necessary and what the terms of the judgment require call for the exercise of the trial court's discretion." Id., 6-7; see Journal Publishing Co. v. The Hartford CourantCo., 47 Conn. Sup. 144, 780 A.2d 240 (2001).
"The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. Probable cause is the knowledge of facts sufficient to justify a reasonable man in the belief that he has reasonable grounds for presenting an action. . . . Its existence or nonexistence is determined by the court on the facts found. Moreover, the plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong. The plaintiff need not, however, state each claim with technical precision; he need only set forth facts that fairly indicate that he has some potential cause of action." Id., 7-8.[3]
CT Page 8148
Although this matter was scheduled on April 22, 2002 for a hearing on the merits, the parties agreed that the court would hear a motion to strike the complaint filed by the defendant on that date. The arguments by counsel, however, were more addressed to the merits of the complaint, rather than to the motion to strike. In that the parties did agree to proceed on the motion to strike, the decision of the court is addressed to the merits of that motion.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros.,Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
Construing the facts of the complaint most favorable to the plaintiff, the complaint alleges that the plaintiff's decedent was partially paralyzed and had only limited movements of his upper extremities. The decedent relied on the use of a special calling device to obtain help when needed. The complaint alleges that the decedent was last seen alive by the defendant's staff at 6:30 a.m. on November 30, 2000 but was found deceased the next day, at 8:30 a.m., December 1, 2000. The complaint requests information with reference to the calling device.
The complaint also alleges that the defendant's nursing home is regulated under title 19 of the Regulations of Connecticut State Agencies pertaining to the health and safety department of public health. The regulations, which are appended as an exhibit to the complaint, require certain levels of staffing. Counsel for the plaintiff stated at oral argument that the complaint seeks that the defendant disclose the number of registered nurses, nurses aides and licensed practical nurses, rather than their names, so that it can be determined if the defendant complied with the staffing requirements of the regulations. Lastly, the complaint seeks information as to any "reportable events", as defined by the regulations, which pertain to the decedent while he was a patient at the defendant's facility. CT Page 8149
The complaint alleges that the information sought is material and necessary to determine whether an action for medical negligence is actionable or whether there was a departure from the standard of care required by the regulations. This is not a situation where a complaint seeks a bill of discovery without identifying the nature of any potential cause of action which may be brought and which may be supported by the information sought. See Berger v. Cuomo, supra, 230 Conn. 8. The plaintiff alleges that the information is necessary to determine whether a good faith certificate can be filed, pursuant to General Statutes §52-190a.[4] It should be noted that the statute requiring the filing of a good faith certificate assumes that the health care provider will ". . . fully cooperate in providing informal discovery. . . ." General Statutes § 52-190a (a). The complaint alleges that the plaintiff has a potential cause of action and that the defendant has refused to provide her with the information. At oral argument, counsel for the plaintiff stated that the defendant's director of medical records refused to provide him with the information sought. See, e.g., Journal PublishingCo. v. The Hartford Courant Co., supra, 47 Conn. Sup. 145; Berger v.Cuomo, supra, 230 Conn. 10.
One purpose for granting a bill of discovery is to permit a plaintiff to ". . . gather his evidence in advance in order to avoid proving his case clumsily or wastefully." (Citation omitted; internal quotation marks omitted.) Berger v. Cuomo, supra, 230 Conn. 9. It permits a plaintiff to ". . . determine whether a particular cause of action is worthy of being pursued. . . ." Id. Particularly in the context of a potential medical malpractice action, or where a potential deviation from the requisite standard of care is alleged, counsel has an "ethical obligation to ascertain whether his client has a cause of action before bringing it."Berger v. Cuomo, supra, 230 Conn. 10. Counsel should not have to bring the action first and then seek discovery in order to ascertain whether he should have brought the action. Id.
The complaint in this matter does state a claim in which a bill of discovery could be granted for the information sought. The defendant's motion to strike the complaint is, therefore, denied.
The Court
 By ________________________ Moran, J.